**Michelle TOUT, Plaintiff,**

v.

**ERIE COMMUNITY COLLEGE, Dennis DiGiacomo, and Rose Moore, Defendants.**

No. 95–CV–66H.

United States District Court, W.D. New York.

Dec. 7, 1995.

Michelle Tout, Buffalo, New York, pro se.

Kenneth A. Schoetz, Erie County Attorney (Timothy J. Trost, of counsel), Buffalo, New York, for Defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). Pending for decision is defendants' motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), and plaintiff's motion for appointment of counsel. For the following reasons, both motions are denied.

### BACKGROUND

Plaintiff, *pro se*, filed a Title VII complaint with this court on January 27, 1995. It alleged that Erie Community College ("ECC"), Dennis DiGiacomo, Dean of Students/Supervisor, and Rose Moore, Chairman of the Department of Counseling and Admissions, discriminated against her based on her race, color, and sex. Administrative charges were filed with the New York State Human Rights Commission on January 7, 1994 (**Item 6, Ex. D**). The administrative charges named only ECC as the respondent. However, the body of the complaint mentions DiGiacomo and Moore and their alleged discriminatory acts.

Defendants move to dismiss the complaint because (1) no notice of claim was served upon the municipality, (2) the individual defendants were never named as respondents at the administrative level, and (3) the appropriate parties are not named as defendants. Each contention will be addressed in turn.

### DISCUSSION

#### I. Motion to Dismiss

In determining a motion to dismiss under Rule 12(b)(6), the court must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Miree v. DeKalb County, GA.*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. *Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck*, 463 F.2d 620 (2d Cir.1972), *cert. denied*, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). The complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him

to relief." *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir.1994) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ Further, a *pro se* complaint must be read liberally and should not be dismissed without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991).

## A. Failure to Serve Notice of Claim

■ Defendants contend that plaintiff's failure to serve a notice of claim under N.Y. General Municipal Law §§ 50–e and 50–i bar her from bringing the present action. The statutes require that a timely notice of claim be filed before an action can be commenced for a claim against a county based on misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, employees or agents. *Finley v. Giacobbe*, 827 F.Supp. 215, 218 (S.D.N.Y.1993). The purpose of the notice of claim provision is to put the municipality on notice of the nature of the claim against it and give it an opportunity to investigate the merits before initiation of litigation. *Messina v. Mazzeo*, 854 F.Supp. 116, 145 (E.D.N.Y.1994).

Defendants cite *Mills v. County of Monroe*, 59 N.Y.2d 307, 464 N.Y.S.2d 709, 451 N.E.2d 456 (1983) as authority. In *Mills*, the New York Court of Appeals held that a county employee's failure to serve a notice of claim was fatal to her federal civil rights action under 42 U.S.C. § 1981.

However, defendants' argument has no merit because after *Mills* was decided the Supreme Court held that a state notice of claim statute could not be applied in federal civil rights actions brought in state court under § 1983. *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). The Supreme Court found that the notice of claim requirement was "inconsistent in both the purpose and objective of federal civil rights law [and that p]rinciples of federalism, as well as the Supremacy Clause, dictate that such a state law must give way to vindication

of a federal right." *Id.* at 153, 108 S.Ct. at 2314.

In addition, the Second Circuit has held that the New York notice of claim statute is not applicable to § 1983 suits brought in federal court. *See, e.g., Day v. Moscow*, 955 F.2d 807, 814 (2d Cir.), *cert. denied*, 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992); *Brandon v. Board of Ed.*, 635 F.2d 971, 973 n. 2 (2d Cir.1980), *cert. denied*, 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981).

In the present case, plaintiff has brought a Title VII claim. No case law states that a notice of claim must be served before initiating a Title VII discrimination claim. Accordingly, applying the reasoning of *Felder*, the court finds that there is similarly no reason why the notice of claim statute should be applied to a Title VII claim. *See Finley, supra* (notice of claim statute does not apply to ADA or Rehabilitation Act claims). Application of the notice of claim provisions would alter the important rights created by Title VII.

Accordingly, defendants' motion to dismiss the complaint based on this ground must fail.

## B. Failure to Name Individual Defendants in the Human Rights Complaint

The Supreme Court has unequivocally stated that "technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Accordingly, courts have encouraged a "flexible stance in interpreting Title VII's procedural provisions." *Egelston v. State University College*, 535 F.2d 752, 755 (2d Cir.1976).

■ As a general rule, individuals not named as respondents in an administrative charge cannot be sued in a subsequent Title VII action. *Poulsen v. City of North Tonawanda*, 811 F.Supp. 884, 891 (W.D.N.Y.1993). Using the flexible approach, the Second Circuit adopted the "identity of interest" exception to the general rule. *Johnson v. Palma*, 931 F.2d 203 (2d Cir.1991). The exception allows a Title VII action to proceed against

an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge. *Id.* at 209. According to *Johnson,* four factors should be applied in determining the identity of interest:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar to as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 209–210 (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir.1977)).

██ In the present case, plaintiff cannot claim ignorance of the individual defendants' role in the alleged discrimination because both DiGiacomo and Moore are mentioned in the body of the complaint.

As for the second factor, the interests of the named defendant, ECC, are essentially similar to those of DiGiacomo and Moore as they are agents or employees of ECC. *Minetos v. City University of New York,* 875 F.Supp. 1046, 1051 (S.D.N.Y.1995); *Bridges v. Eastman Kodak Co.,* 822 F.Supp. 1020, 1024 (S.D.N.Y.1993).

The individual defendants, DiGiacomo and Moore, have also failed to provide any evidence of actual prejudice as required by the third factor. The defendants do not explain how they were harmed by either the alleged lack of notice or their alleged lack of participation in the administrative level.

The fourth factor, as expressed in *Johnson,* goes to the court's concern over the closeness of the relationship between the unnamed and the named respondents. *John-*

*son, supra,* 931 F.2d at 210. Here, DiGiacomo and Moore are agents of ECC and both were mentioned in the administrative complaint.

In addition to the four factors, the *Johnson* court implied that another relevant consideration is whether, although not named as a respondent in the caption, the defendant is named in the body of the charges as having played a role in discrimination. *Id.; Maturo v. Nat'l Graphics, Inc.,* 722 F.Supp. 916, 925 (D.Conn.1989) (permitting suit against defendant not named as a respondent in plaintiff's EEOC charge in part because defendant was identified in body of administrative charge as the harasser); *see also, Gilmore v. Local 295,* 798 F.Supp. 1030, 1038 (S.D.N.Y.1992), *aff'd,* 23 F.3d 396 (2d Cir.1994) (suggesting that plaintiffs can maintain a Title VII claim, without having defendants named in EEOC charge, if EEOC could infer from the facts alleged in the body of the complaint that named and unnamed parties were acting in a common discriminatory scheme).

In the present case, plaintiff clearly states in her administrative complaint that DiGiacomo and Moore played a significant role in the alleged discrimination.

Accordingly, based on the application of this additional consideration as well as the four factor "identity of interest" analysis, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.[1]

### C. Failure to Name Proper Parties

During a preliminary pre-trial conference, the parties stipulated that the proper parties were not named as defendants. It was further stipulated that plaintiff would amend her complaint and add the County of Erie and the Board of Trustees of Erie Community College as additional defendants.

██ In addition, the court would note that defendants DiGiacomo and Moore cannot be sued in their individual capacity. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–1317 (2d Cir.1995). Accordingly, in amending her complaint, plaintiff would be prudent

---

**1.** Although defendants considered their motion to be pursuant to Rule 12(b)(6), F.R.Civ.P., it is in fact a Rule 12(b)(1) motion for dismissal for lack of subject matter jurisdiction.

to sue DiGiacomo and Moore in their official capacity.

## II. Plaintiff's Motion for Appointment of Counsel

Plaintiff has renewed her request for assignment of counsel. For reasons previously stated in Hon. William M. Skretny's order of March 22, 1995 plaintiff's application is denied.

### CONCLUSION

For the reasons set forth herein, defendants' motion to dismiss (Item 6) is denied. Furthermore, plaintiff's motion for appointment of counsel (Item 8) is denied.