Georgiann E. ALFANO, Plaintiff,

v.

Joseph J. COSTELLO, Individually, and as Superintendent of Midstate Correctional Facility; Susan A. Connell, Individually, and as Deputy Superintendent of Administration at Midstate Correctional Facility; Gordon Wells, Individually, and as a Captain at Midstate Correctional Facility; "John Doe," Individually, and as employees of the Midstate Correctional Facility; James Raymond, Individually, and as an agent of the Inspector General's Office; James Countryman, Individually, and as Deputy Superintendent of Security at Midstate Correctional Facility; Kevin Buttimer, Individually, and as Recreational Supervisor at Midstate Correctional Facility; Scott Carlsen, Individually, and as Deputy Superintendent of Programs at Midstate Correctional Facility; William Fenton, Individually, and as a Captain at Midstate Correctional Facility; Thomas A. Coughlin, Individually and as former Commissioner of the New York State Department of Correctional Services; Phillip Coombs, Individually, and as Commissioner of the New York State Department of Correctional Services; Dennis Thompson, Individually, and as Deputy Superintendent of Security at Midstate Correctional Facility; Glenn Goord, Individually, and as an agent of New York State Department of Correctional Services; Michael Brown, Individually, and as a Lieutenant at Midstate Correctional Facility; James Deering, Individually, and as a Lieutenant at Midstate Correctional Facility; New York State Office of the Inspector General; the State of New York; Midstate Correctional Facility; New York State Department of Correctional Services; New York State Department of Civil Service; and New York State Department of Audit and Control, Defendants.

No. 94–CV–1513(RSP/DNH).

United States District Court, N.D. New York.

Oct. 16, 1996.

John A. Longeretta, Utica, NY (Lenora Fanelli, of counsel), for plaintiff.

Dennis C. Vacco, Attorney General of the State of New York, Department of Law, Albany, NY (Jeffrey M. Dvorin, Assistant Attorney General, of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

POOLER, District Judge.

### INTRODUCTION

In this sexual discrimination lawsuit, defendants Joseph J. Costello, et al. moved

pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings dismissing the complaint of plaintiff Georgiann E. Alfano. Alfano opposed the motion, and oral argument took place on July 17, 1995.

## BACKGROUND

Alfano filed a complaint in district court on November 23, 1994, and alleged eight causes of action against defendants, who generally were her employers and supervisors in the New York State Department of Correctional Services. According to her complaint, Alfano on January 11, 1988, began working as a corrections officer with the rank of sergeant at the Midstate Correctional Facility ("Midstate"). Compl. ¶ 41. Before she worked at Midstate, Alfano had worked since July 1980 as a corrections officer at Otisville Correctional Facility ("Otisville").[1] Compl. ¶ 40. On July 10, 1994, defendant Susan Connell, deputy superintendent of administration at Midstate, placed Alfano on administrative leave from her job. Compl. ¶ 64. Defendants suspended Alfano without pay on August 1, 1994. *Id.*

Alfano's complaint contains an array of allegations involving sexual discrimination. Before filing this action, Alfano filed a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights on February 7, 1992. Ans. Ex. A. She received a right to sue letter from the agencies on August 30, 1994. Compl.Ex. A.

The majority of plaintiff's claims concern the conduct of her supervisors at Midstate. Plaintiff's allegations include, among other things, discriminatory treatment by defendant Lt. Michael Brown, who wrote an erroneous "counseling memo," denied plaintiff an office, issued her bad evaluations, and "set Plaintiff up" regarding internal prison matters, Compl. ¶ 43; discrimination by defendants Lt. James Deering and Capt. William Fenton, among others, who failed to repair a metal detector in the visitors' area, Compl. ¶ 44; discrimination by defendants Dennis Thompson, Scott Carlsen, Kevin Buttimer,

and others who ignored her complaints about unsafe conditions in the prison package room, visiting room and other areas and behaved in a manner designed to undermine Alfano's work and authority, Compl. ¶¶ 45, 59; defendants' failure to issue Alfano commendations, which are relevant to "employment opportunities," even though a male corrections officer would have received commendations under the same circumstances, Compl. ¶ 46; defendants' failure to protect Alfano from fellow employee Joseph Cassidy, who had "an unhealthy obsession" with Alfano, Compl. ¶¶ 47–48; discrimination by various named and unknown defendants, who made explicit and lewd comments about Alfano, including calling her "black widow" and "fatal attraction," subjected her to sexual inquiries, wrote obscenities and left pornography on her locker, and circulated "compromising pictures of Plaintiff," Compl. ¶¶ 49, 51, 53, 54, 66; discrimination by defendant Fenton, who accused plaintiff of eating seductively in the mess hall and accused plaintiff of having an affair with a Midstate corrections officer, Compl. ¶¶ 49, 54; discrimination by unknown defendants, who left "a carrot and two potatoes configured as male genitals" in Alfano's mailbox, Compl. ¶ 50; discrimination by defendants in retaliation for plaintiff filing a discrimination lawsuit regarding her employment at Otisville, Compl. ¶ 52; discrimination by Midstate Correctional Facility for its failure to maintain separate locker rooms and toilets for men and women and its failure to issue maternity uniforms, Compl. ¶¶ 55, 56; discrimination by defendants for giving job assignments and setting conditions of employment based on employees' gender, Compl. ¶¶ 57, 61, 65; and discrimination by defendant James Raymond relating to his investigation of various allegations against plaintiff, Compl. ¶ 58.

Plaintiff requested $5.5 million in damages for her sexual discrimination and sexual harassment claims. Compl. ¶ 67. Her complaint also contained causes of action for, among other things, emotional distress, the tort of outrage, slander and defamation, inva-

---

1. While working at the Otisville prison, Alfano commenced a federal lawsuit alleging that her supervisors sexually harassed her. Alfano subsequently discontinued the lawsuit. Compl. ¶ 40.

sion of privacy, breach of employment contract, sexual discrimination under New York law, and failure to train, supervise and discipline defendant employees.

## DISCUSSION

### I. Standard

Defendants moved pursuant to Fed. R.Civ.P. 12(c) for a judgment on the pleadings to dismiss Alfano's complaint. The Rule 12(c) standard essentially is the same as that which I apply to a motion under Fed.R.Civ.P. 12(b)(6). *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994), *see also Juster Assoc. v. City of Rutland, Vt.,* 901 F.2d 266, 269 (2d Cir.1990). In reviewing the motion, I must accept as true all allegations in the complaint and draw all inferences in favor of the non-moving plaintiff. *Sheppard,* 18 F.3d at 150. I may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ad–Hoc Comm. of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

### II. Individual defendants not named in plaintiff's EEOC complaint

Defendants first contend that the court lacks subject matter jurisdiction over those defendants who are named in Alfano's federal complaint but were not named in her EEOC complaint. Alfano responds that an identity of interests exists between the respondents named in her EEOC complaint and each of the defendants named in her federal action, that several defendants were named in the body of her EEOC charge, and that the individual defendants are not prejudiced by their inclusion in the federal lawsuit.

In order to satisfy the requirement of administrative exhaustion, plaintiff's lawsuit must be preceded by an EEOC or state agency charge naming the same defendants. 42 U.S.C. § 2000e–5(e). However, an exception exists to this rule, and a Title VII action may proceed against defendants not named in plaintiff's EEOC complaint if there is a "clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991).[2] In order to determine identity of interests, I must consider: (1) whether the complainant at the time of filing the EEOC complaint could have ascertained the role of the unnamed party through reasonable effort; (2) whether the interests of the named and unnamed parties are so similar that it would be unnecessary to obtain the unnamed party's participation in EEOC voluntary conciliation and compliance proceedings; (3) whether the unnamed party suffered actual prejudice due to its absence from the EEOC proceedings; and (4) whether the unnamed party represented to the complainant that its relationship to the complainant was to be through the named party. *Id.* at 209–10 (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977)); *see also Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1241–42 (2d Cir.1995) (same). Not all of the four factors need weigh in favor of one party. *See Cook,* 69 F.3d at 1242. The four-factor test may not always be applicable based on the facts of the case at bar. *Bridges v. Eastman Kodak Co.,* 822 F.Supp. 1020, 1025 n. 6 (S.D.N.Y.1993).

Alfano's EEOC complaint does not name any individuals as defendants. However, the body of the complaint concerns conduct by the following named individuals, all of whom are named defendants in plaintiff's federal lawsuit: Brown, Countryman, Costello, Fenton and Deering. *See* Answer, Ex. A ("EEOC Compl."). These individuals all

---

**2.** This exception to Title VII's jurisdictional and pleading requirements provides leniency to individuals filing EEOC complaints *pro se. Johnson,* 931 F.2d at 209. Although defendants initially argued that an attorney represented Alfano when she made her EEOC filing, they appear to have conceded that plaintiff may have acted on her own behalf. Def.Reply Mem., Dkt. No. 21, at 3 n. 1. Counsel for plaintiff stated during oral argument that Alfano filed her administrative complaint *pro se.*

were Midstate Correctional Facility employees with supervisory authority over plaintiff.

The first factor of the analysis weighs against Alfano because she must have been aware of the above defendants' conduct in order to name them in the body of her EEOC complaint. *Bridges*, 822 F.Supp. at 1024. *See also Tout v. Erie Community College*, 923 F.Supp. 13, 16 (W.D.N.Y.1995). The next factor weighs in Alfano's favor because the interests of the named defendants are similar to those of the employer for the purposes of obtaining voluntary conciliation and compliance. Alfano charges that the individual defendants who are named in the body of her EEOC complaint acted on behalf of their employer, and I infer that the employer and employees had the same conciliatory interest. EEOC Compl. ¶ 12. *See Tout*, 923 F.Supp. at 16. *But see Poulsen v. City of North Tonawanda*, 811 F.Supp. 884, 892 (W.D.N.Y.1993) (holding that an employee under internal investigation and his employer had dissimilar interests where employee faced possibility of discipline if plaintiff's charges were sustained). Third, defendants have not provided any evidence of actual prejudice as a result of being absent from EEOC proceedings.[3] *Tout*, 923 F.Supp. at 16. The fourth factor weighs in favor of Alfano because there is a close relationship between the supervisors named in the body of the EEOC complaint and the employer named in the caption.[4] *See Bridges*, 822 F.Supp. at 1025.

Perhaps most importantly, the fact that these defendants were named within the body of the EEOC complaint weighs heavily in Alfano's favor and allows me to infer that these defendants received notice of the discrimination charges. *See Bridges*, 822 F.Supp. at 1025. Several district courts have considered the issue of notice to be more informative than strict analysis pursuant to the four factors in *Johnson*. *See Tout*, 923 F.Supp. at 15. *See also Rivera v. Puerto Rican Home Attendants Servs., Inc.*, 922 F.Supp. 943, 946–47 (S.D.N.Y.1996); *Drummer v. DCI Contracting Corp.*, 772 F.Supp. 821, 828–29 (S.D.N.Y.1991). Thus, defendants Brown, Countryman, Costello, Fenton and Deering are not dismissed from plaintiff's federal lawsuit.

Nine individual defendants are not named in Alfano's EEOC complaint. They are Connell, Wells, Raymond, Buttimer, Carlsen, Coughlin, Coombs, Thompson, and Goord. Apparently all of these individual defendants were employees of the named defendant employers and also were in positions of some authority over plaintiff. According to the allegations in Alfano's federal complaint, however, all of the conduct she complains of regarding these defendants took place after she filed the EEOC complaint in February 1992.[5] Defendants Coughlin, Coombs and Goord are named in Alfano's cause of action regarding negligent supervision.

For the following reasons, Alfano's action is dismissed against these nine defendants. First, at the time Alfano filed her EEOC complaint, she could not have ascertained the role of these nine defendants in the alleged discriminatory conduct because Alfano's EEOC filing preceded that conduct. However, Alfano never attempted to amend her

---

**3.** As a general rule, a party is not prejudiced by its inability to participate in EEOC conciliation proceedings where the agency did not conduct any proceedings. *Cook*, 69 F.3d at 1242. Alfano argues that this is the case with respect to the defendants not named in her complaint because the EEOC did not investigate her claim. In fact, there is some evidence that the agency conducted little or no investigation of Alfano's charges. Ans.Ex. A. According to the right to sue letter that the agency sent to Alfano, "[p]rocessing the complaint [would] not advance the State's human rights goals in as much as the matter [was] going to be litigated in Federal Court...." *Id.*

**4.** The facts of this case do not correspond exactly with the fourth factor in *Johnson* because Alfano's EEOC complaint names the principal employer rather than an agent employee.

**5.** In addition to citing events that occurred after February 1992, plaintiff alleges that defendant Goord demoted Joseph Cassidy when plaintiff asked Goord whether she could date Cassidy. Compl. ¶ 48. Although this act apparently took place before Alfano filed her EEOC complaint, it is difficult to see how it harmed plaintiff. Plaintiff's vague allegation that Goord's action against Cassidy "cast Plaintiff as the responsible party for said action" is insufficient to state a claim as to her. *Id.*

complaint even though it was pending before the agency for more than two years, and this failure defeated the conciliatory purpose of filing an EEOC complaint. In a similar instance, a district court held that an unnamed defendant could be retained in federal court even though plaintiff failed to amend her EEOC complaint to include him because he had control over an internal investigation of plaintiff's EEOC complaint of sexual harassment. *Poulsen*, 811 F.Supp. at 892. However, there is no allegation here that the nine unnamed defendants exercised control over the investigation of Alfano's EEOC charges. There is no inference that these defendants "could reasonably assume that [Alfano] would take further action if [they] failed in this responsibility." *Id.*

Second, the interests of the unnamed individual parties are not similar to those of the named employers because the purpose of conciliation and compliance could not be served where the employer was unaware of Alfano's latest charges. The third factor weighs in favor of plaintiff because defendants did not attempt to show prejudice. *Tout*, 923 F.Supp. at 16. Finally, the fourth factor shows a close relationship between the unnamed individuals and their employers. *See Bridges*, 822 F.Supp. at 1025.

Consistent with my analysis of the five individual defendants who were named in the body of Alfano's EEOC complaint, I next consider whether I can infer that the nine defendants not mentioned in the EEOC charge ever received notice of it. Drawing all inferences in favor of Alfano, I nonetheless cannot infer notice. The nine individuals are not mentioned in the complaint because their allegedly offensive actions took place after Alfano filed the complaint. Several of the defendants—Carlsen, Coughlin, Coombs, Thompson, and Goord—are charged with failing to investigate Alfano's allegations, passing unsatisfactory review on the action of defendant Brown, or failing to adequately supervise other employees. As noted above, however, there is no allegation that these individuals were involved in the EEOC conciliation process and thus would have reason to know of Alfano's complaint. The total lack of notice to the nine unnamed defendants undercuts the identity they could have with the named respondents as employees of Midstate Correctional Facility and the state corrections department. The lack of any notice also undermines the conciliatory purpose of the EEOC complaint. Consequently, Alfano's complaint is dismissed against the nine individual defendants not named or otherwise mentioned in her EEOC charge.

### III. Claims not included in plaintiff's EEOC complaint

Defendants next argue that Alfano failed to exhaust her administrative remedies with respect to many of the claims in her federal complaint, which were not included in her EEOC complaint and are not reasonably related to the facts in her EEOC charge dated January 31, 1992. Defendants contend that these claims must be dismissed. Alfano responds that all of the claims in both her EEOC complaint and her federal lawsuit pertain to sexual discrimination and thus are reasonably related.

▮▮▮ A plaintiff who has failed to file a timely EEOC charge has failed to exhaust her administrative remedies. *Gomes v. Avco Corp.*, 964 F.2d 1330, 1332–33 (2d Cir.1992). It is well settled that a "district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) (quoting *Stewart v. United States Im. & Nat. Serv.*, 762 F.2d 193, 198 (2d Cir. 1985)). Subsequent conduct is reasonably related to conduct in an EEOC charge where (1) the subsequent conduct would fall within the reasonably expected scope of an EEOC investigation of the administrative charges; (2) the claim is one alleging retaliation by an employer against an employee for filing an EEOC charge; or (3) the plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Id.* at 1402–03; *see also Brown v. City of New York*, 869 F.Supp. 158, 169–70 (S.D.N.Y.1994). Contrary to plaintiff's assertion, my analysis turns not on the

theories of relief, and it is insufficient that her allegations each concern sexual discrimination. Instead, I must focus on the factual differences among the various alleged acts of discrimination. *Gomes*, 964 F.2d at 1335.

### A. Scope of the EEOC investigation

Defendants claim first that because plaintiff was represented by counsel, she is not entitled to the benefit of a broad reading of her EEOC complaint that anticipates the scope of an EEOC investigation. Although the underlying rationale of the first factor relates to the *pro se* status of many complainants, that status is not required. *See Butts*, 990 F.2d at 1402. As noted previously, Alfano contends that she was acting *pro se* when she filed the administrative complaint. Giving Alfano the benefit of this assertion, I thus will consider whether the agency reasonably would have investigated any of the subsequent conduct in Alfano's federal complaint.

(1) Alfano alleges that in March 1992, defendant Brown gave her an unwarranted negative job evaluation, which defendants Carlsen and Thompson confirmed. Compl. ¶ 43(c). Alfano's EEOC complaint contains many allegations regarding Brown's discriminatory conduct, including unfair evaluations. EEOC Compl. ¶ 5. An EEOC investigation thus could encompass Alfano's claims in Paragraph 43(c).

(2) Alfano alleges in her federal complaint that between December 1993 and January 1994 defendants Thompson, Carlsen, Buttimer and Deering ignored plaintiff's complaints about safety conditions and acted in ways that undermined her authority and performance. Compl. ¶ 45. These claims are reasonably related to Alfano's claims before the EEOC that defendants failed to respond to her requests to repair a metal detector in October 1991 and that defendants, in particular defendant Brown, acted to undermine her authority. EEOC Compl. ¶¶ 4, 6, 11. An EEOC investigation reasonably would encompass these subsequent acts, especially because Alfano stated that the discrimination was not limited to defendant Brown and specifically mentions defendant Deering. EEOC Compl. ¶¶ 4, 11.

(3) Alfano alleges that in May 1994, defendant Raymond issued an improper notice of discipline and improperly conducted an investigation regarding plaintiff's alleged copying of a computer disk. Compl. ¶ 58. Alfano's EEOC charge makes no allusion to improper investigations of her by defendants. Alfano merely alleges that respondents "conspired on all levels to make my situation so uncomfortable, embarrassing and dangerous that I would quit." EEOC Compl. ¶ 12. This vague and general allegation is insufficient to alert the EEOC to investigate the subsequent conduct. *Butts*, 990 F.2d at 1403.

(4) Alfano also alleges that in February 1994 defendant Deering instructed her not to contact outside police agencies even though male employees in her position could do so, Compl. ¶ 61, and that in August 1993 defendant Deering ordered her to change her evaluations of four corrections department employees. Compl. ¶ 62. In her EEOC charge, Alfano made general accusations regarding "double standards," EEOC Compl. ¶ 3, and that "women are expected to follow a different standard of conduct than men in the work place." EEOC Compl. ¶ 12. Again, these vague statements are insufficient to alert the EEOC to include Deering's conduct in its investigation. *Butts*, 990 F.2d at 1403.

(5) Alfano claims that she blacked out in July 1994 due in part to mental anguish and that defendant Wells falsely accused her of feigning illness. Compl. ¶ 63. No statement in Alfano's EEOC complaint is specific enough to have alerted the EEOC to include this incident in its investigation.

(6) Alfano alleges that she was improperly placed on administrative leave in July 1994 and improperly suspended from her position in August 1994 for insubordination and falsification of records. Compl. ¶ 64. The allegation specifically stems from an inmate investigation that Alfano had conducted. *Id.* The closest language in Alfano's EEOC charge regarding this sort of conduct by defendant is that quoted above regarding a conspiracy and double standards, and it is insufficient to show that the subsequent con-

duct is reasonably related to that alleged in the EEOC complaint. Although the EEOC complaint contains allegations that defendants failed to address Alfano's safety concerns and treated her unfairly, the EEOC charge contains no allegation relating to unfounded disciplinary action. Alfano's allegation to the EEOC regarding a false "counseling memo" does not rise to the same level to make the claims reasonably related. EEOC Compl. ¶ 5.

## B. Same discriminatory manner

Defendants next contend that acts alleged in the federal complaint to have occurred after Alfano filed the EEOC charge were not committed in precisely the same manner as those in the EEOC filing because they concern different individuals, different employers, and different circumstances. In making my decision I must consider whether "the EEOC would have had the opportunity to investigate, if not the particular discriminatory incident, the method of discrimination manifested in prior charged incidents." *Butts*, 990 F.2d at 1403. Paragraphs 58 and 64 of Alfano's federal complaint concern a method of discrimination with respect to defendants' investigation and discipline of plaintiff. None of the claims in Alfano's EEOC charge, however, concern this same discriminatory method or even allude to official investigations or discipline of plaintiff.

In addition, the allegations in Paragraphs 61 and 62 of Alfano's federal complaint pertaining to Deering's incorrect directives to Alfano do not concern any specific discriminatory method that can be linked to the EEOC charge. Although the EEOC complaint speaks vaguely of double standards, it does not describe conduct similar to that in Paragraphs 61 and 62. EEOC Compl. ¶ 12. Finally, plaintiff's allegation in Paragraph 63 that defendant Wells falsely accused Alfano of feigning illness is not similar to any specific allegation in Alfano's charge.

## C. Retaliation

Nothing in Alfano's federal complaint links retaliatory acts to Alfano's filing of an EEOC complaint. *See Butts*, 990 F.2d at 1402. In her federal complaint, Alfano contended that defendants retaliated against her for filing a sexual discrimination lawsuit prior to January 1988, when she worked at Otisville. Compl. ¶ 41. Alfano also alleged that defendants "engage[d] in harassment and retaliatory conduct," but she did not link any retaliation to the filing of her EEOC complaint. Compl. ¶ 58. Thus, the allegations of Paragraphs 58, 61, 62, 63 and 64 are dismissed because they are not reasonably related to charges in Alfano's EEOC complaint under any of the *Butts* factors.

## D. Discrimination prior to EEOC complaint

Certain acts that Alfano included in her federal complaint took place before she filed her EEOC complaint and yet are not contained in the administrative charge. These allegations concern: (1) defendants' failure to provide separate locker rooms and toilet facilities for women, Compl. ¶ 55; (2) defendants' failure to provide adequate uniforms for women, including maternity uniforms, Compl. ¶ 56; (3) defendants' practice of assigning jobs on the basis of gender, Compl. ¶ 57; (4) defendants' practice of issuing Alfano undeserved Notices of Discipline, Compl. ¶ 65; and (5) defendants' discussion, publication and posting of compromising photographs of plaintiff when she began working at Midstate, Compl. ¶ 66. Defendants argue that I should dismiss the claims for plaintiff's failure to exhaust her administrative remedies. Alfano failed to explain why defendants' discriminatory conduct prior to January 31, 1992 was not included in her complaint and argues instead that, like her EEOC complaint, these claims concern sex discrimination and thus should be retained.

The three factors I discussed previously concern only discriminatory conduct that occurred after a plaintiff filed her EEOC charge, so the "reasonably related" test is inapplicable here. *Butts*, 990 F.2d at 1401. Plaintiff's allegations in Paragraphs 55, 56 and 57 regarding locker facilities, uniforms, and job assignments are factually different in character from anything mentioned in Alfano's EEOC complaint. They are dismissed because Alfano failed to exhaust her administrative remedies. Drawing all inferences in

favor of Alfano, I conclude that the undated allegations in Paragraph 65 may include conduct subsequent to her filing the EEOC charge. *See Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1419 n. 12 (S.D.N.Y.1989). This conduct is reasonably related to Alfano's allegation to the EEOC that her employment file contained an incorrect counseling memo and should have contained written commendations. EEOC Compl. ¶¶ 5, 7. Thus, I will not dismiss this allegation. Finally, the allegations in Paragraph 66 regarding defendants' posting of her photograph states that defendants posted the pictures when Alfano began working at Midstate, which occurred in 1988. Compl. ¶¶ 41, 66. Nonetheless, Alfano's EEOC complaint contains no mention of photographs. This allegation therefore is dismissed because Alfano failed to exhaust her administrative remedies.

Consequently, the following allegations in Alfano's federal complaint concerning discrimination that took place after she filed her EEOC complaint are dismissed because they are not reasonably related to anything in her EEOC charge: Paragraphs 58, 61, 62, 63 and 64. The allegations in Paragraphs 43(c) and 45 of the federal complaint are retained because they are reasonably related to Alfano's EEOC charge. The following allegations are dismissed because they concern acts of discrimination that took place before Alfano filed her EEOC complaint and yet are dissimilar from any discrimination alleged in her administrative filing: Paragraphs 55, 56, 57, and 66. Paragraph 65 is retained because its allegations are not time-specific and are reasonably related to allegations Alfano made to the EEOC.

## IV. Statute of limitations

Defendants argue that at least six of the discriminatory acts Alfano complained of occurred more than 300 days before she filed her complaint with the EEOC and thus are untimely.[6] Alfano counters that all of these acts are reasonably related and that they constitute a continuing violation by defendants. Analysis concerning the reasonable relationship among claims does not apply here, where the disputed claims concern facts occurring prior to the time plaintiff filed her EEOC complaint. Therefore, I only consider Alfano's continuing violation argument.

It is well settled that if a plaintiff fails to file a timely charge with the EEOC, then her claims are time-barred. *Gomes,* 964 F.2d at 1332–33. In New York, a plaintiff must file her EEOC complaint within 300 days of the discriminatory event. *Butts,* 990 F.2d at 1401. However, under the continuing violations exception to this requirement, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." *Lambert v. Genesee Hosp.,* 10 F.3d 46, 53 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 339 (1994). The continuing violation must involve "specific discriminatory policies or mechanisms" alleged by plaintiff. *Id. See also Gomes,* 964 F.2d at 1333 (holding that statute of limitations is excepted where employees suffer discrimination "pursuant to a continuous practice and policy of discrimination"). Allegations of multiple similar incidents of discrimination that are not the result of a discriminatory policy are insufficient. *Id.* However, a continuing violation may exist "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." *Cornwell v. Robinson,* 23 F.3d 694, 704 (2d Cir.1994).

Defendants first contend that Alfano's allegation regarding a December 23, 1990, counselling memo is untimely because it was written more than 300 days before plaintiff filed her EEOC charge. However, Alfano's contention before both the EEOC and in her federal complaint is that defendants discriminated by failing to remove the memo from her file despite her appeals. EEOC Compl. ¶ 5, Compl. ¶ 43(b). Drawing all inferences in favor of Alfano, this conduct

---

**6.** Based on my prior discussion, some of the challenged claims already are dismissed for plaintiff's failure to exhaust administrative remedies. I discuss here only the remaining claims.

is alleged to have occurred within 300 days of February 7, 1992, and thus is timely.

Defendants next argue that Alfano's allegation that defendant Brown denied her an office in January 1991 is untimely. EEOC Compl. ¶ 6, Compl. ¶ 43(c). The language of Alfano's complaints indicates that this incident is one of several involving Brown. In her federal complaint, for example, Alfano updates her account of Brown's offensive behavior by alluding to a March 1992 performance evaluation. Similarly, defendants argue that Alfano's allegation that defendants failed to provide her commendations for the February 3, 1991, rescue of a child is untimely. EEOC Compl. ¶ 7, Compl. ¶ 46. Again, however, the language of Alfano's EEOC charge indicates that this is an ongoing problem taking place "[o]ver the course of [her] career" with the state corrections department. EEOC Compl. ¶ 7.

■■■■ Nonetheless, Alfano failed to allege a continuing violation in her federal complaint. Rather, she merely has alleged a series of similar multiple incidents of discrimination. Furthermore, Alfano failed to allege that these instances were the result of an affirmative policy of defendants. Plaintiff's vague allegation of a conspiracy among defendants is insufficient, because allegations regarding a "specific" discriminatory policy or mechanism are required. Compl. ¶ 52; *Lambert*, 10 F.3d at 53. Furthermore, I reject plaintiff's argument that defendants' failure to formulate, post or enforce a policy regarding sexual harassment itself constitutes a policy. The requirement of a specific policy or mechanism necessarily implies affirmative conduct by defendants. This is not a case like *Cornwell*, where the court found not only that plaintiff's supervisors permitted her to suffer harassment but also that "defendants' personnel policies discriminated on the basis of gender." *Cornwell*, 23 F.3d at 704. Thus, the allegations in Paragraph 43(c) regarding the denial of an office and in Paragraph 46 are dismissed as time-barred.

## V. Failure to state a cause of action for sexual discrimination

Defendants next look to the substance of Alfano's claims and argue that she failed to state a prima facie case of quid pro quo sexual discrimination and disparate treatment. Defendants generally argue that plaintiff's allegations are conclusory and fail to specify gender as the basis of defendants' alleged action. In refuting this contention, Alfano relies on her "comprehensive and elaborate complaint wrought with detail almost to a level of tedium," Pl.Mem., Dkt. No. 20, at 20, and argues that she meets the threshold of a prima facie case. I will discuss only those allegations that survived defendants' previous challenges.

■■■■ A plaintiff claiming sexual discrimination can proceed under either of two theories: quid pro quo discrimination or hostile work environment. *Karibian v. Columbia Univ.*, 14 F.3d 773, 777 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2693, 129 L.Ed.2d 824 (1994). To establish a claim of quid pro quo discrimination, plaintiff must show "that she was denied an economic benefit either because of gender or because a sexual advance was made by a supervisor and rejected by her." *Kotcher v. Rosa and Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir.1992). Defendants correctly note, and Alfano does not dispute, that plaintiff here has not alleged discrimination based on unwelcome sexual advances. Plaintiff need not show "actual economic loss" to state a prima facie case, but she must demonstrate a link between the alleged discriminatory act and "tangible job benefits" such as "compensation, terms, conditions or privileges" associated with the job. *Karibian*, 14 F.3d at 778. In general, plaintiff bears a de minimis burden of establishing a prima face case of discrimination. *Koster v. Chase Manhattan Bank*, 687 F.Supp. 848, 861 (S.D.N.Y.1988).

■■■■ Defendants argue that Alfano's claim regarding improper notices of discipline fails to state a discrimination claim because it is conclusory. Compl. ¶ 65. However, the complaint plainly states that "male sergeants and lieutenants rarely get Notices of Discipline" while she has received "numerous" notices. *Id.* Drawing all inferences in favor of Alfano, she adequately alleged that defendants acted on the basis of gender. The allegation also links the notices with

472

economic injury because Alfano states that the notices in her file "jeopardize the Plaintiff's potential for promotion and advancement." *Id.* Thus, at this early stage in the proceedings, plaintiff has stated a claim of sexual discrimination.

■ Defendants also contend that Alfano failed to state that her gender was the basis for defendants' conduct described in Paragraphs 43(c), 44, 59 and 60 of her federal complaint. Defendants argue that Alfano must provide factual support for her claims. In Paragraph 43(c), Alfano alleges that defendant Brown discriminated against her by giving her an improper evaluation. Compl. ¶ 43(c). Contrary to defendants' contentions, Alfano clearly states in the preface to this allegation that she "has been subjected to differential terms and conditions of employment on the basis of her sex." Compl. ¶ 43. Paragraph 44 concerns defendants' failure to remedy safety problems regarding a malfunctioning metal detector in the visitor area. Compl. ¶ 44. Paragraph 59 also concerns defendants' failure to heed plaintiff's complaints about unsafe working conditions and specifically states that "male sergeants can correct unsafe and unsanitary working conditions on very little effort." Compl. ¶ 59. Taken together, along with the other general language of the complaint, these paragraphs sufficiently allege that defendants' actions were motivated by gender discrimination. On a motion to dismiss on the pleadings, plaintiff need not provide factual support outside of her well-pleaded allegations. *Sheppard,* 18 F.3d at 150.

■ Finally, defendants challenge Alfano's allegation in Paragraph 60 that "[p]laintiff has been ordered to follow directives, although said directives were not to be changed without response by Deputy Commission in writing." Compl. ¶ 60. Unlike Alfano's claims about unsafe working conditions, the allegation in Paragraph 60 is not linked to any of her surviving general claims of sexual discrimination and the paragraph itself contains no language regarding disparate treatment. The allegation is vague and

provides no information concerning actors, time or place. Thus, Paragraph 60 is dismissed for failure to state a claim.

Consequently, the allegations in Paragraphs 43(c) relating to the improper evaluation, 44, and 59 each state a claim of sexual discrimination. The allegations in Paragraph 60, however, fail to state a claim and are dismissed.

## VI. Failure to state a claim for hostile work environment

Defendants also argue that Alfano failed to establish a hostile work environment claim because she only has alleged isolated incidents and comments rather than repeated, continuous, and pervasive harassment. Plaintiff responds that I must look at the totality of the circumstances and that she has detailed 14 years of sexual harassment in her workplace.

■ To establish a prima facie case of sexual discrimination based on a hostile work environment, plaintiff must allege: (1) she is a member of a protected group; (2) she was the subject of unwelcome sexual advances [7]; (3) the harassment was based upon her sex; and (4) the harassment affected a term, condition or privilege of employment. *Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1042 (2d Cir.1993) (citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 63–69, 106 S.Ct. 2399, 2403–07, 91 L.Ed.2d 49 (1986)). In evaluating a claim of hostile work environment, the court must look at the totality of the circumstances using a "reasonable person" standard. *Locastro v. East Syracuse–Minoa Central Sch. Dist.,* 830 F.Supp. 133, 138 (N.D.N.Y.1993) (citations omitted). The offensive behavior must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment, and the unwelcome conduct must be repeated and continuous rather than consist of isolated and occasional acts. *Id.* at 137 (citations and quotations omitted); *see also Babcock v. Frank,* 783 F.Supp. 800, 808 (S.D.N.Y.1992) (same). To hold the employ-

---

7. The term "sexual advances" essentially is shorthand for other kinds of sexual harassment, which includes requests for sexual favors and verbal or physical conduct of a sexual nature. *Meritor,* 477 U.S. at 65, 106 S.Ct. at 2404.

er liable, plaintiff must show it "either (1) provided no reasonable avenue for complaint or (2) knew of the harassment but did nothing about it." *Locastro,* 830 F.Supp. at 138 (citation omitted).

█ Defendants claim that plaintiff only has alleged four instances related to her hostile work environment claim: (1) unknown defendants left the potato and carrot in her locker, Compl. ¶ 50; (2) defendant Fenton improperly investigated the carrot incident, Compl. ¶ 50; (3) defendant Fenton made comments about Alfano eating seductively, Compl. ¶ 50; and (4) defendant Fenton accused Alfano of having an affair with a co-worker. Compl. ¶ 54. *See* Def.Mem., Dkt. No. 18, at 21–22. Defendants argue that Alfano's other claims of harassment are untimely because she does not supply dates, and that these allegations do not comprise a hostile work environment.

Because I must draw all inferences in favor of plaintiff, I assume that any allegation for which Alfano has failed to provide a date is timely. Plaintiff will have the opportunity to prove the specific circumstances, including dates, of the incidents. *See Blesedell,* 708 F.Supp. at 1419 n. 12. Moreover, I disagree with defendants' characterization of Alfano's allegations as "occasional or trivial." Def. Mem., Dkt. No. 18, at 22. In addition to the above four instances, plaintiff alleged in her complaint that defendants called her names such as "black widow" and "a fatal attraction" and made comments that she was "deadly and dangerous" and had "a bad reputation," Compl. ¶ 49; that defendants permitted others to write obscenities on her locker and place pornography in her locker, Compl. ¶ 53; and that defendants accused her of having a sexual affair with a co-worker and ridiculed her about the affair, Compl. ¶ 54. All of these incidents were of a sexual nature. Importantly, Alfano alleges these incidents to have occurred throughout her 14 years of employment, so the incidents were not limited or isolated. Compl. ¶ 51. Furthermore, Alfano specifically alleged that she did not welcome the harassment, that it was based on her gender, and that it made her work environment intolerable and unbearable. Compl. ¶ 52. Taken together, these allegations sufficiently state a prima facie claim for a hostile work environment.

## VII. Individual defendant liability

█ Defendants also argued for dismissal of the complaint against the individual defendants. After the parties filed their motion papers, the United States Court of Appeals for the Second Circuit held that Title VII does not permit individual liability for the agents of employers. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1314 (2d Cir.1995). Thus, plaintiff's Title VII claims against defendants in their individual capacities are dismissed. On the other hand, Alfano's claims pursuant to New York Human Rights Law, which are contained in her second cause of action, against the individual defendants are retained. *See Tomka,* 66 F.3d at 1317.

## VIII. State law claims

Finally, defendants argue that because plaintiff's federal discrimination claims are improper, the court should decline to exercise supplemental jurisdiction over Alfano's numerous state law claims. As noted above, many of Alfano's discrimination claims survive defendants' challenges. The causes of action under state law concern substantially the same facts as Alfano's federal discrimination claims. Therefore, I appropriately will consider the state law claims pursuant to the district court's supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

## CONCLUSION

In summary, defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(c) is granted in part and denied in part.

(1) The court has jurisdiction over individual defendants Brown, Countryman, Costello, Fenton and Deering. The court lacks jurisdiction over individual defendants Connell, Wells, Raymond, Buttimer, Carlsen, Coughlin, Coombs, Thompson, and Goord.

(2) Plaintiff failed to exhaust her administrative remedies with respect to the allegations contained in Paragraphs 58, 61, 62, 63, 64, 55, 56, 57, and 66. These claims thus are

dismissed. Plaintiff's claims in Paragraph 43(c) regarding the job evaluation and Paragraphs 45 and 65 are retained.

(3) The statute of limitations bars plaintiff's allegations in Paragraph 43(c) regarding the denial of an office and Paragraph 46. These claims are dismissed.

(4) The allegations in Paragraph 60 fail to state a claim for sexual discrimination and are dismissed.

(5) All Title VII claims against remaining individual defendants that seek to hold them liable in their individual capacities are dismissed.

IT IS SO ORDERED.