101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Carolyn L. O'NEAL, Plaintiff-Appellant,
v.
The CARBORUNDUM COMPANY, Defendant-Appellee.
 No. 95-7993.
 United States Court of Appeals, Second Circuit.
 April 17, 1996.
 
 1
 Appearing for Appellant: Carolyn L. O'Neal pro se, Niagara Falls, N.Y.
 
 
 2
 Appearing for Appellee: James D. Donathen, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y.
 
 
 3
 Before KEARSE, ALTIMARI, Circuit Judges, and MORAN, District Judge*.
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York, and was argued by plaintiff pro se and counsel for defendant.
 
 
 5
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgement of said District Court be and it hereby is affirmed.
 
 
 6
 Plaintiff pro se Carolyn L. O'Neal appeals from a final judgment of the United States District Court for the Northern District of New York, following a bench trial before William M. Skretny, Judge, dismissing her complaint alleging that defendant Carborundum Company ("Carborundum") had terminated her employment because of her race, religion, and national origin, and in retaliation for protected conduct, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Prior to trial, the district court dismissed as untimely all claims alleging discriminatory acts that occurred more than 300 days prior to the commencement of suit. After a bench trial, the court found, inter alia, that O'Neal had failed to establish by a preponderance of the evidence that the remaining acts were the result of discrimination or retaliation. O'Neal pursues her claims on appeal. We see no basis for reversal.
 
 
 7
 Partial summary judgment dismissing O'Neal's claims of discrimination occurring more than 300 days prior to the commencement of the present suit was appropriate substantially for the reasons stated in Judge Skretny's decision and order read from the bench on December 7, 1994. See generally Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir.1993), cert. denied, 114 S.Ct. 1612 (1994); Gomes v. Avco Corp., 964 F.2d 1330, 1332-33 (2d Cir.1992).
 
 
 8
 With respect to her timely claims, O'Neal had the burden of proving by a preponderance of the evidence that Carborundum's termination of her employment was the result of the alleged discrimination or retaliation. See generally Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). The district court, as trier of fact, found that O'Neal had failed to meet that burden. We see no indication that the court considered any impermissible evidence, or that it misapplied the law, or that its finding that the termination was the result neither of invidious discrimination nor of retaliation was clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985); Pullman-Standard v. Swint, 456 U.S. 273, 287-90 (1982). Accordingly, we affirm the dismissal of these claims substantially for the reasons stated by Judge Skretny on June 16, 1995, at the close of trial, and in his explanatory decision and order read from the bench on July 10, 1995.
 
 
 9
 We have considered all of O'Neal's arguments on this appeal and have found them to be without merit.
 
 
 10
 The judgment dismissing the complaint is affirmed.
 
 
 
 *
 Honorable James B. Moran, of the United States District Court for the Northern District of Illinois, sitting by designation