104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Vivian WHITLEY, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General of the United States
Postal Service, Defendant-Appellee.
 No. 96-6036.
 United States Court of Appeals, Second Circuit.
 Oct. 30, 1996.
 
 Vivian Whitley appeals from a judgment entered on December 28, 1995, in the United States District Court for the Eastern District of New York (Gleeson, J.). The district court granted the defendant's motion for summary judgment and dismissed Whitley's claims of retaliatory discharge and hostile work environment brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
 E.D.N.Y.
 AFFIRMED.
 Vivian Whitley, pro se.
 Susan Riley, Asst. U.S. Atty. (Zachary W. Carter, U.S. Atty., Varuni Nelson, Asst. U.S. Atty., of counsel; E.D.N.Y.).
 Present: MESKILL, CALABRESI, CABRANES, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, an African-American woman, was hired by the Postal Service as a Distribution/Window Clerk on or about February 6, 1971. She alleged that in 1986, she opposed antisemitic remarks made to and about a Jewish co-worker by William Catsoris, the manager of the station where Whitley worked. Whitley claimed that after she testified on her co-worker's behalf, she received a disciplinary letter, the first of her career.
 
 
 2
 In late 1987, Whitley assumed the position of Finance Clerk. Her duties included managing Postal Service stock, which consisted of postage, money orders, and cash. On January 20, 1989, an audit revealed an unexplained shortfall of $1,265.67 in her accountables. The plaintiff's financial records dating back to May 1988 were then reviewed. That investigation concluded that the plaintiff had altered records to deduct $3,194.00 from her accountability before a prior audit. Whitley was arrested on February 15, 1989, for making false entries and reports of monies in violation of 18 U.S.C. § 2073. The U.S. attorney chose not to prosecute, allegedly because of the limited amount of money involved and because the plaintiff had been terminated. The charges were thus dismissed on September 17, 1993.
 
 
 3
 The plaintiff was fired from her position effective May 8, 1989. Later that month, Whitley filed a formal administrative complaint of retaliation and harassment with the Postal Service. A final agency decision rejecting her claims issued on July 8, 1993. The plaintiff appealed the decision to the Equal Employment Opportunity Commission ("EEOC"). On April 14, 1994, the EEOC affirmed the agency's final decision.
 
 
 4
 Whitley then filed the instant action in the Eastern District of New York, alleging that her termination was the result of retaliation and a racially and sexually hostile work environment. In addition, Whitley raised a due process claim and a Fair Labor Standards Act claim, both of which she later withdrew at oral argument before the district court.
 
 
 5
 The district court granted summary judgment for the defendant. It rejected Whitley's retaliation claim because the plaintiff had failed to establish a prima facie case of discriminatory discharge. The court also dismissed Whitley's claims of a hostile work environment, stating that the claims had not been raised administratively and were therefore barred. This appeal ensued.
 
 
 6
 On appeal from the grant of summary judgment, we review the record de novo. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). We will uphold a grant of summary judgment only if "there is no genuine issue as to any material fact." Fed R. Civ. P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
 
 1. The Retaliatory Discharge Claim
 
 7
 Under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the plaintiff must first present a prima facie case of discrimination. If the plaintiff succeeds in doing so, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the adverse employment action. See id. At that point, the plaintiff bears the burden of showing that the reason given was pretextual. See id. at 804.
 
 
 8
 To prove a prima facie case of retaliatory discharge, the plaintiff must show (1) that she was engaged in protected activity under Title VII; (2) that her employer was aware of this activity; (3) that she suffered an adverse employment action; and (4) that there is a causal connection between the protected activity and the adverse action. See, e.g., Sands v. Runyon, 28 F.3d 1323, 1331 (2d Cir.1994). We agree with the district court that the plaintiff satisfied all but the last element. Whitley's testimony in opposition to her employer's alleged antisemitism was protected activity under Title VII, her employer was aware of this activity, and she suffered the adverse employment action of termination. But Whitley failed to show a causal connection between her testimony and her ultimate termination two and one-half years later. Whitley appears to contend that the retaliation was continuous, asserting that Catsoris took disciplinary actions against her and that he continually harassed her. She does not, however, provide evidence to support these allegations. Because "conclusory allegations of discrimination are insufficient to satisfy the requirements of Rule 56(e)," Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir.), cert. denied, 474 U.S. 829 (1985), these statements are insufficient to show a causal link between her testimony and her termination.
 
 
 9
 Having failed to show causation, Whitley cannot establish a prima facie case.
 
 
 10
 Even if Whitley had made out a prima facie case, her retaliation claim would not succeed. This is because the defendant has adduced legitimate non-discriminatory reasons that Whitley fails to show are pretextual. The defendant's legitimate non-discriminatory reasons were that Whitley could not account for shortfalls in her account and that she made false entries in her financial records. Whitley's contention that these reasons were pretextual because other clerks with shortfalls were not terminated is unpersuasive. None of the clerks who were retained had a shortfall as significant as Whitley's and none of them were arrested.
 
 
 11
 Whitley's claim of retaliatory discharge was therefore correctly dismissed.
 
 2. Hostile Work Environment
 
 12
 In Title VII cases, the district courts only have jurisdiction over claims raised in the plaintiff's EEOC complaint or reasonably related to the allegations in that complaint. See Gomes v. Avco Corp., 964 F.2d 1330, 1334 (2d Cir.1992). The district court found that it lacked jurisdiction over the hostile work environment claims, stating that "those claims were not raised before the EEOC in administrative proceedings and they do not satisfy the reasonably-related-to standard." We disagree with this finding. Whitley's claims of a hostile work environment were addressed in the EEOC decision, which explicitly considered whether the harassment she allegedly suffered "create[d] an abusive working environment" in violation of Title VII. The district court therefore erred in finding that these claims were barred.
 
 
 13
 While we are ordinarily reluctant to consider the merits of claims not addressed by the district court, we are not precluded from doing so in the interests of judicial economy. See, e.g., Dobosz v. Walsh, 892 F.2d 1135, 1140 (2d Cir.1989). This is especially desirable where the issues are clear and have been discussed by an administrative agency. Accordingly, we turn to the merits of the plaintiff's hostile work environment claims.
 
 
 14
 A successful hostile work environment claim under Title VII is made when the plaintiff establishes that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that [are] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 370 (1993) (citations and internal quotation marks omitted). Ironically, the EEOC decision, which preserves Whitley's claims from a procedural bar, proves fatal to the substance of her claims. That decision noted (1) that the plaintiff offered no evidence suggesting that the alleged harassment was in any way related to her race, color, or sex; (2) that the complaints of harassment occurred after she started to experience problems with cash shortages in 1988; and (3) that the allegations of harassment were extremely vague. On this basis, the EEOC concluded that the plaintiff had not established that she was subjected to treatment that was "sufficiently severe or pervasive to alter the conditions of [her] employment." We agree and affirm the district court's dismissal of the hostile work environment claims on these substantive grounds.
 
 
 15
 The plaintiff has not adequately supported her claims of retaliatory discharge and subjection to a hostile work environment. There are no genuine issues of material fact which, if resolved in plaintiff's favor, would make up that deficiency. We have examined Whitley's other contentions, and find them to be without merit. The district court's judgment is therefore affirmed.