Annie CAESAR, Plaintiff,

v.

The HARTFORD HOSPITAL, Jefferson House Division, Alan Laites, Carollyn Dignazio, Maureen Klett, and Nancy Dempsey, Defendants.

No. 3:97CV0034 WWE.

United States District Court, D. Connecticut.

April 6, 1999.

Paul Mpande Ngobeni, E. Hartford, CT, for plaintiff.

Brenda A. Eckert, Kimberly A. Mango, Jennifer Bullock Majewski, Shipman & Goodwin, Hartford, CT, for defendants.

## RULING ON DEFENDANTS' MOTION TO STRIKE AND TO DISMISS

EGINTON, Senior District Judge.

This lawsuit arises out of plaintiff's employment termination by Hartford Hospital. Plaintiff has filed a multi-count complaint, alleging discrimination on the basis of race, national origin and ethnicity in violation of Title VII (count one); discrimination and retaliation in violation of 42 U.S.C. § 1981 (count two); age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") (count three); defamation (count four); breach of contract, violation of the covenant of good faith and fair dealing, and wrongful discharge in violation of public policy (count five); vexatious suit (count six); retaliation in violation of state statutory law (count seven); and intentional and negligent infliction of emotional distress (counts eight and nine).

Defendants move to strike and to dismiss portions of the complaint.

### BACKGROUND

Plaintiff, Annie Caesar, is a black woman of 46 years who was born in Trinidad, West Indies. On February 23, 1996, she was discharged from her position as a Certified Nurse's Aide at Jefferson House, a department of Hartford Hospital. Caesar's termination followed an investigation into allegations of patient abuse.

Without the benefit of counsel, Caesar filed an administrative complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). Her claim at the CHRO was dismissed. The EEOC issued a right to sue letter on October 16, 1996.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

A. *Exhaustion of Administrative Remedies*

The defendants move to strike specific allegations made in Ms. Caesar's Title VII and ADEA claims. Defendants assert that Ms. Caesar failed to raise these allegations in her administrative complaint and therefore failed to satisfy the exhaustion of administrative remedies requirement. *See* 42 U.S.C. § 2000e–5; 29 U.S.C. § 626(d).

A district court has jurisdiction only to hear Title VII or ADEA claims that either are included in an administra-

tive charge or are based on conduct subsequent to the administrative charge which is "reasonably related" to the conduct alleged in the administrative charge. *Butts v. City of New York Dept. of Housing*, 990 F.2d 1397, 1401 (2d Cir.1993); *Malarkey v. Texaco*, 983 F.2d 1204, 1208 (2d Cir.1993). The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take remedial action. *Stewart v. United States Immigration and Naturalization Service*, 762 F.2d 193, 198 (2d Cir.1985).

■ However, an exception to the exhaustion requirement applies where a plaintiff has filed the administrative charge without the benefit of counsel and an investigation into the claims not raised would have reasonably flowed from an investigation into the claims alleged in the administrative charge. *Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir.1992); *See also Wilds v. U.S. Postmaster General*, 989 F.Supp. 178, 181 (D.Conn.1997). For example, in *Gomes,* an investigation into a disparate impact claim would have reasonably flowed from the investigation of the disparate treatment claim alleged in the administrative charge.

■ In this instance, Ms. Caesar filed her administrative charge without the benefit of counsel. In her administrative filing, she alleged that her termination was based on her race, national origin and age as well as retaliation for her opposition to discriminatory employment practices. Further, Ms. Caesar alleged that specific discriminatory employment practices included more liberal allowance of smoking breaks for white nurse's aids than black nurse's aids, racially discriminatory comments, differing treatment of white and black aids participating in the Windows Program, and more vigilant investigations into patient complaints alleging abuse by non-white aides.

The defendants urge the Court to strike the following allegations, which were not made in Ms. Caesar's administrative charge: defendants engaged in a pattern and practice of discrimination; discriminated in terms of assignments, wages and performance evaluations; excluded minorities from managerial positions; maintained and condoned a racially hostile environment; and engaged in a routine practice of retaliating against minority employees. Although not made in her administrative filings, these allegations merely represent more examples of disparate treatment based on race, national origin, or age and retaliation. These allegations do not present a new type of discrimination, such as a claim of disability discrimination. Therefore, an investigation into these claims would have reasonably flowed from the investigation into the charges of discriminatory employment practices and retaliation filed in Ms. Caesar's administrative complaint.

Defendants also argue that they are prejudiced by the inclusion of these allegations in the complaint because they will be required to engage in further discovery in order to prepare a defense.

Rule 15 of the Federal Rules of Civil Procedure directs a policy favoring liberal amendment of a complaint, and the Court has discretion to allow an amendment as justice requires. In this instance, Ms. Caesar's new factual allegations do not come so late in the proceedings that the defendants are prevented from the preparation of a defense. The motion to strike will be denied.

### B. *Age Discrimination*

In count three, Ms. Caesar alleges that Hartford Hospital discriminated against her on the basis of her age in violation of the ADEA.

■ Despite this Court's order that Ms. Caesar amend her complaint to articulate the underlying facts of her age discrimination claim, Ms. Caesar's ADEA claim still relies on conclusory allegations that Hartford Hospital discriminated against her based on age. She has asserted no factual

support of a discriminatory bias based on age.

■ An ADEA claim need not contain every supporting detail, but it must inform the court and the defendant of the reasons the plaintiff believes that age discrimination has been practiced. *Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399 (2d Cir.1985). Since Ms. Caesar's ADEA claim asserts only conclusory allegations that she was a subjected to discriminatory treatment on account of her age, count three will be dismissed.

## C. *Wrongful Discharge*

In count five, Ms. Caesar alleges breach of contract, violation of the covenant of good faith and fair dealing, and the tort of wrongful discharge in violation of public policy. Ms. Caesar makes her claims against the hospital and the individual defendants.

### 1. *Individual Defendants*

Ms. Caesar has not alleged that the individual defendants were employers or that they were parties to her employment contract. Therefore, all allegations of count five will be dismissed as to the individual defendants.

### 2. *Hartford Hospital*

■ The defendants further argue that count five's allegations of wrongful discharge against Hartford Hospital should be dismissed for failure to state a claim. To prevail on her claim of wrongful discharge, Ms. Caesar must plead and prove that her discharge violated an explicit statute, constitutional provision or a judicially conceived notion of public policy. *Magnan v. Anaconda Indus. Inc.,* 193 Conn. 558, 572, 479 A.2d 781 (1984). Ms. Caesar must also demonstrate that she has no means of vindicating that important public policy other than her wrongful discharge claim. *Atkins v. Bridgeport Hydraulic Co.,* 5 Conn.App. 643, 648, 501 A.2d 1223 (1985). In other words, a wrongful dis-

charge cause of action exists only for those employees who have no other available remedy.

■ In this instance, the alleged wrongful discharge is in violation of the prohibition against race, age and national origin and retaliation. Since Ms. Caesar has available remedies pursuant to Title VII and ADEA, her allegations of wrongful discharge in count five will be dismissed.

## D. *Vexatious Suit*

In count six, Ms. Caesar asserts a claim of vexatious suit against all of the defendants. Ms. Caesar alleges that the defendants filed false charges of patient abuse with the state Department of Public Health ("DPH"), which caused the initiation of an investigation and administrative proceedings against her.

■ A vexatious suit is a type of malicious prosecution action, differing principally in that it is based upon a prior civil action. *Vandersluis v. Weil,* 176 Conn. 353, 356, 407 A.2d 982 (1978). To state a claim for vexatious suit, Ms. Caesar must demonstrate that the defendants brought an action against her with malice and without probable cause, and that the action was terminated in her favor. *Zabelle v. Coratolo,* 816 F.Supp. 115, 119 (D.Conn.1993).

Defendants first argue that Ms. Caesar has failed to make a prima facie case of vexatious suit because the defendants were not a party to a judicial or administrative proceeding against her. However, the Connecticut Supreme Court has adopted the rule of the Restatement (Second) of Torts, § 680, which permits liability for vexatious "initiation, continuation, or procurement of civil proceedings against another before an administrative board that has power to take action adversely affecting the legally protected interests of the other." *DeLaurentis v. New Haven,* 220 Conn. 225, 248, 597 A.2d 807 (1991).

█ In the instant case, the defendants allegedly falsely provided information to DPH, which caused initiation of an investigation and administrative proceeding against her. Ms. Caesar claims that the defendants provided this information with malice and without proper investigation, and that the proceedings instituted against her were subsequently dismissed in her favor. Taking all of these allegations as true, Ms. Caesar has established a prima facie case for vexatious suit.

Defendants further argue that dismissal is proper in any event because the communications to DPH were privileged. The defendants urge the Court to follow *Field v. Kearns*, 43 Conn.App. 265, 271–75, 682 A.2d 148 (1996), which afforded bar grievants absolute immunity from liability for statements made during the grievance proceedings and in filing the grievance.

In the instant case, the defendants claim that they filed the reports of patient abuse to comply with Conn.Gen.Stat. § 17b–407, which requires medical workers who have "reasonable cause to suspect or believe that a patient in a nursing home facility has been abused" to file a report with the relevant state authority. Section 17b–407 further provides immunity from civil liability for any person who makes such a report or testifies during any administrative proceeding arising from that report unless bad faith or malicious purpose exists. Therefore, the Court may not afford the defendants absolute immunity if bad faith or malicious purpose exist.

Since Ms. Caesar has alleged that the defendants acted in bad faith and with malicious purpose, Ms. Caesar has sufficiently plead that the defendants' communications should not be privileged in this case. Count six will not be dismissed.

E. *Defamation*

█ In count four, Ms. Caesar claims defamation based on the defendants' alleged false statements provided to DPH concerning patient abuse. To state a claim for defamation, the plaintiff must show that false statements were made which caused her harm, and that the defendants were not privileged to do so. *Kelley v. Bonney*, 221 Conn. 549, 563, 606 A.2d 693 (1992).

Defendants argue that their communications were privileged. For the reasons discussed relative to count six, count four will not be dismissed.

F. *State Statutory Claims*

In count seven, Ms. Caesar alleges that the defendants violated Conn.Gen.Stat. §§ 19a–532, 31–51m and 31–51q.

Section 19a–532 prohibits a nursing home facility from retaliating against a patient or employee who has filed a complaint or who has testified in a proceeding concerning a nursing home facility. The complaint or proceeding must relate to specific statutory provisions concerning patient advocates, DPH employees, discrimination against indigents, emergency bed transfers, inspection of records, "Patients' Bill of Rights", the Assistant Commissioner of Public Health, and medical directors at nursing homes. Conn.Gen.Stat. § 19a–532.

Section 31–51m prohibits an employer from retaliating against an employee who has reported a violation of state or federal law to a public body. Section 31–51q imposes liability for punitive damages and reasonable attorney's fees on an employer who discharges an employee due to that employee's exercise of her constitutional rights.

1. *Individual Defendants*

As defendants point out, all three of these statutes prohibit conduct by employers. Therefore, the individual defendants cannot be held liable for a violation of these statutes.

2. *Hartford Hospital*

█ Defendants further argue that Ms. Caesar has insufficiently plead these

claims against Hartford Hospital. Ms. Caesar has alleged that she made complaints about Hartford Hospital and that the defendants believed she had made complaints in proceeding involving a nursing home patient. However, Ms. Caesar has not demonstrated how these alleged complaints related to the statutory scheme of Section 19a–532.

 Nor has Ms. Caesar alleged that she made her complaint to a public body as required by Section 31–51m. Further, Ms. Caesar's claim pursuant to Section 31–51q relies on only the conclusory allegation that Hartford Hospital retaliated against her because she had exercised "her constitutional and statutory right to speak out." Accordingly, count seven will be dismissed in its entirety.

## G. Intentional Infliction of Emotional Distress

Defendants argue that Ms. Caesar has failed to allege conduct sufficiently extreme and outrageous to support her claim of intentional infliction of emotional distress.

 Liability for intentional infliction of emotional distress requires conduct exceeding all bounds of decent society and which is calculated to cause, and does cause, mental distress of a very serious kind. *DeLaurentis v. New Haven,* 220 Conn. 225, 266–67, 597 A.2d 807 (1991).

 In the instant case, Ms. Caesar has alleged conduct that could be reasonably deemed to be extreme and outrageous. Count eight incorporates all allegations of discrimination and false reports to DPH made for the malicious purpose to retaliate against her and jeopardize her profession. Taking all of the allegations as true, Ms. Caesar has sufficiently plead her claim of intentional infliction of emotional distress in count eight.

## H. Negligent Infliction of Emotional Distress

Defendants seek dismissal of plaintiff's claim of negligent infliction of emotional distress.

 To prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress if it was caused might result in illness or bodily harm. *Thomas v. Saint Francis Hospital And Medical Center,* 990 F.Supp. 81, 91 (D.Conn.1998), (*citing, Montinieri v. Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978)). The distress experienced by the plaintiff must be reasonable in light of the defendant's conduct. *Barrett v. Danbury Hosp.,* 232 Conn. 242, 261, 654 A.2d 748 (1995). In the employment context, negligent infliction of emotional distress arises only where it is based on the unreasonable conduct of the defendant in the termination process. *Morris v. Hartford Courant Co.,* 200 Conn. 676, 681–82, 513 A.2d 66 (1986).

Defendants state that the only allegations concerning the defendants' conduct relative to Ms. Caesar's termination are that "plaintiff's employment was abruptly terminated by defendants who accused her of physically and verbally abusing unnamed patients." Defendants argue that these allegations are insufficient to support a claim of negligent infliction of emotional distress as a matter of law. However, Ms. Caesar has incorporated into count nine her allegations of discrimination and false reporting to DPH for the malicious purpose to retaliate against her and to jeopardize her profession. Taking these allegations as true, Ms. Caesar has sufficiently plead that the defendants' conduct in the termination process was unreasonable. Count nine will not be dismissed.

*CONCLUSION*

Based on the foregoing, defendants' motion to strike [Doc. No. 64] is DENIED. The defendants' may request an extension if further discovery into plaintiff's new factual allegations is necessary.

Defendants' motion to dismiss [doc. # 64] is GRANTED as follows: (1) count three is dismissed; (2) count five is dismissed as to its allegations of wrongful discharge against all defendants, and its allegations of breach of contract and violation of the covenant of good faith and fair dealing against the individual defendants; (3) count seven is dismissed in its entirety. Defendants' motion to dismiss is DENIED as to counts four, six, eight and nine. Plaintiff is directed to file an amended complaint within 15 days of this ruling, conforming the remaining counts with this ruling.