## DAVID A. BOGDAHN, ADMINISTRATOR (ESTATE OF PAUL E. PELLETIER) *v.* HAMILTON STANDARD SPACE SYSTEMS INTERNATIONAL, INC., ET AL.

Superior Court      Judicial District of      File No. CV970569864S
Hartford

Memorandum filed July 21, 1999

*Patrick Tomasiewicz*, for the plaintiff.

*Day, Berry & Howard*, for the named defendant.

*Jerome Paun*, for the defendant Mark Bond.

*Livingston, Adler, Pulda & Meiklejohn*, for the defendant International Association of Machinists and Aerospace Workers.

No appearance for the defendant Bruce McGarry.

I

INTRODUCTION

RITTENBAND, J. This appears to be a case of first impression in Connecticut.

## II

## PROCEDURAL HISTORY

The defendants Hamilton Standard Space Systems International, Inc. (Hamilton), and Mark Bond, filed their original motion to strike on December 7, 1998; an objection by the plaintiff, David A. Bogdahn, administrator of the estate of Paul E. Pelletier, was filed on February 9, 1999. The defendants filed a reply brief on April 23, 1999. On May 3, 1999, this court allowed the plaintiff two weeks to respond to the defendants' reply brief and allowed the defendants one week thereafter to reply to the plaintiff's brief. On May 14, 1999, the plaintiff filed an amended complaint. On June 29, 1999, at a hearing before this court, the court granted permission to file the aforementioned amended complaint, there having been no objection thereto. On May 14, 1999, the plaintiff filed his reply memorandum in further support of his objection to the motion to strike, and, after an extension of time was granted Hamilton and Bond filed a supplemental memorandum dated June 1, 1999, in further support of their motion to strike. Oral argument was heard before this court on June 29, 1999. The memorandum filed by Hamilton and Bond dated June 1, 1999, urges the court to strike the first and fourth counts of the amended complaint.

## III

## FACTS

The first count, as to Hamilton only, alleges that Pelletier was an employee of Hamilton. On June 1, 1994, Pelletier filed a complaint of sexual harassment and discrimination based upon sexual orientation with the commission on human rights and opportunities (commission). Following the suicide of Pelletier on June 16, 1994, this action was brought by the plaintiff, who is the administrator of Pelletier's estate. The decedent,

Pelletier, was a homosexual. He had complained to Hamilton of sexual harassment and sexual discrimination based upon his sexual orientation. Pelletier was continuously harassed by Bond and the defendant Bruce McGarry from the fall of 1993 through June 1, 1994. Bond and McGarry were employees of Hamilton at all times relevant hereto. It is alleged that Bond and McGarry ridiculed and harassed Pelletier because of his sexual orientation. He was called derogatory names such as "faggot" by McGarry and Bond, and, on repeated occasions in the spring of 1994, the mens' room at Hamilton was defaced with derogatory slurs related to Pelletier's sexual orientation. Not only did Pelletier file a complaint with the commission on June 1, 1994, but he had also complained to Hamilton about these actions by Bond and McGarry. The claim against Hamilton is that it discriminated against Pelletier in terms, conditions or privileges of employment by failing to protect him properly against sexual orientation discrimination in violation of General Statutes § 46a-81c (1), and failed to protect him properly against the infliction of sexual orientation discrimination in violation of General Statutes § 46a-60 (5). The plaintiff claims that Pelletier committed suicide on June 16, 1994, as a direct result of the sexual harassment and discrimination previously described.

The fourth count as to Bond only alleges that he was an employee of Hamilton and that between September, 1993 and June, 1994, he conspired with McGarry to harass, ridicule, discriminate, batter and cause injury to Pelletier based upon his sexual orientation. It is further alleged that the actions taken by Bond were done as an agent of Hamilton. These actions, it is claimed, violate §§ 46a-60 (5) and (8) and 46a-81c (1). Hamilton and Bond have jointly moved to strike count one against Hamilton and count four against Bond.

## IV

## STANDARD OF REVIEW

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) *Novametrix Medical Systems, Inc.* v. *BOC Group, Inc.*, 224 Conn. 210, 214–15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 215.

## V

## ISSUES

The first basis for the defendants' motion to strike is that the plaintiff's claims pursuant to § 46a-60 were not alleged in the administrative complaint that Pelletier brought to the commission. The defendants claim that the administrative complaint fails because § 46a-60 was not mentioned in it. This argument, however, flies in the face of § 46a-54-52 (b) of the Regulations of Connecticut State Agencies, which provides: "A timely filed complaint under oath is sufficient when the Commission receives from the person making the complaint a written statement sufficiently precise to identify the parties and to describe *generally* the action or practices complained of which have occurred, are occurring or are about to occur and when"; (emphasis added); as well as General Statutes § 46a-82 (a), which provides in pertinent part: "Any person claiming to be aggrieved by an alleged discriminatory practice, except for an alleged violation of § 46a-68, may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and

address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission . . . ."

Nowhere in the statute or regulation is there a requirement that the specific statute be named.

Further, it is clear that these requirements must be liberally interpreted. The court has reviewed the administrative complaint and finds that it complies with the statutory and regulatory requirements with sufficient specificity. It describes the sexual discrimination as being based on sexual orientation and even cites § 46a-81c (1). Section 46a-81c (1) provides: "It shall be a discriminatory practice in violation of this section . . . For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to *discriminate against him* in compensation or in terms, conditions or privileges of employment *because of the individual's sexual orientation* . . . ." (Emphasis added.)

The defendants' claim that the administrative complaint could not have been asserted under § 46a-60 is without merit. Section 46a-60 (a) (5) provides that it is a prohibited discriminatory employment practice: "For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so . . . ." General Statutes § 46a-51 (7) defines discriminatory employment practice as "any discriminatory practice specified in section 46a-60 or 46a-81c." As noted previously, § 46a-81c (1) provides that discrimination on the basis of sexual orientation is a discriminatory employment practice. It is true that § 46a-60 (a) (5) does mention that it is discriminatory "to aid, abet, incite, compel or coerce

the doing of any act declared to be a discriminatory employment practice or to attempt to do so . . . ." Paragraph 6b. of Pelletier's administrative complaint, however, states in pertinent part: "Respondent Mark Bond, individually . . . and [Hamilton], by and through their employee, servant or agent, Mark Bond . . . have ratified, endorsed and *perpetrated* respondent, Bruce McGarry's, actions." (Emphasis added.) This court finds these words in the administrative complaint, again interpreted on a liberal basis, are made with sufficient specificity to qualify as aiding and abetting.

This court also finds that the complaint in this action cites § 46a-60 (a) (5) and § 46a-81c (1). As stated previously, there is a specific reference in the administrative complaint to § 46a-81c (1), and because of the relationship of the statutes mentioned, § 46a-60 (a) (5) is also included in the administrative complaint. Finally, there is the Second Circuit Court of Appeals case of *Gomes* v. *Avco Corp.*, 964 F.2d 1330, 1334 (2d Cir. 1992), in which the court found that it did have jurisdiction over those claims that are reasonably related to the allegations in the plaintiff's administrative complaint, and further found that a claim is reasonably related to the plaintiff's administrative complaint if it is within the "scope of the [administrative] investigation which can reasonably be expected to grow out of the charge of discrimination." (Internal quotation marks omitted.) This court finds that the allegations of the complaint are reasonably related to the allegations in Pelletier's administrative complaint.

B

Next, the defendants argue that the plaintiff did not have a private cause of action because the release granted by the commission was issued pursuant to General Statutes § 46a-82b. According to the complaint, Pelletier filed a complaint with the commission on June

1, 1994. The plaintiff requested a release to sue from the commission by a letter dated November 27, 1996. The commission granted a release to sue to the plaintiff on January 2, 1997, pursuant to § 46a-82b.

By Public Acts 1998, No. 98-245, § 6 (P.A. 98-245), the Connecticut General Assembly revised General Statutes § 46a-100 to provide in pertinent part: "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a, as amended by this act, or 46a-101, as amended by this act, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business . . . ." With the current revision, a party is not limited to the forms of discrimination listed in § 46a-60 in order to bring an action before the Superior Court for a discriminatory practice.[1] A claim under § 46a-81c may also be brought.

The defendants claim that the plaintiff did not have a valid cause of action when he originally filed suit in both federal and state court. The defendants argue that the legislature did not intend to permit a cause of action that was improperly before the court to continue.

"It is an axiom of statutory construction that legislative intent is to be determined by an analysis of the language actually used in the legislation." *Vaillancourt* v. *New Britain Machine/Litton*, 224 Conn. 382, 391,

---

[1] Prior to P.A. 98-245, General Statutes (Rev. to 1997) § 46a-100 provided in relevant part: "Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82, alleging a violation of section 46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business . . . ."

618 A.2d 1340 (1993). In ascertaining the legislature's intent, the court must be "mindful that the legislature is presumed to have intended a just and rational result." Id. Applying these principles to the present case, it is apparent that the legislature intended to allow a cause of action to proceed which was brought before the effective date of the statute. Public Act 98-245, § 14, provides that the changes included in § 46a-100 are applicable to "all cases pending with the commission or in the courts . . . ." Therefore, the plaintiff's action alleging a violation of § 46a-81c prior to P.A. 98-245 may be brought before the Superior Court because it was a case pending "in the courts" on the effective date.

Additionally, the defendants argue that the legislature specifically excluded plaintiffs who received a release to sue under § 46a-82b[2] by specifically mentioning releases under General Statutes §§ 46a-83a and 46a-101. The plaintiff contends that a release to sue under § 46a-82b is adequate because of the passage of P.A. 98-245. Our courts have consistently held that failure to comply with the conditions established by the Connecticut Fair Employment Practices Act[3] forecloses a plaintiff's access to judicial relief, because it deprives the trial court of jurisdiction to hear his complaint. See *Sullivan* v. *Board of Police Commissioners*, 196 Conn. 208, 217–18, 491 A.2d 1096 (1985). In the present case, the plaintiff received a release to sue pursuant to § 46a-82b, not a

[2] General Statutes § 46a-82b (b) provides: "If the commission fails to issue a determination of reasonable cause or no reasonable cause on any such complaint not later than January 1, 1997, the executive director of the commission shall issue forthwith a release of the complaint from the commission, allowing the complainant to bring a civil action. Upon receipt of a release pursuant to this section, the complainant may bring a civil action in accordance with the provisions of sections 46a-100, 46a-101, 46a-103 and 46a-104, notwithstanding the statute of limitations pursuant to section 46a-102." General Statutes § 46a-102 provides in pertinent part: "Any action brought in accordance with section 46a-100 shall be brought within two years of the date of filing of the complaint with the commission . . . ."

[3] General Statutes § 46a-51 et seq.

release under §§ 46a-83a or 46a-101. Section 46a-83a provides for a release to appeal after the commission has dismissed an administrative complaint.[4] Section 46a-101 provides for the commission to issue a release to sue upon the expiration of 210 days without a ruling.[5] While courts must ordinarily give a strict construction to a statutory cause of action, the plaintiff should not be deprived of his cause of action because the legislature was imprecise in its statutory language.

A release under § 46a-82b would be meaningless if the court adopted the defendants' reasoning. According to the terms of § 46a-82b (b), a "complainant may bring a civil action in accordance with the provisions of [General Statutes §§] 46a-100, 46a-101, 46a-103 and 46a-104 . . . ." At all relevant times, § 46a-100 limited the bringing of a civil action to actions that had a release to sue under certain statutory sections, and never cited § 46a-82b.[6] Since § 46a-82b would have applicability to actions filed with the commission prior to January 1, 1996, it is an understandable oversight that the legislature failed to include such releases within § 46a-100. If the court adopted the defendants' reasoning, any action pursuant to a release to sue under § 46a-82b, whether filed prior

[4] General Statutes § 46a-83a provides: "If a complaint is dismissed pursuant to subsection (b) of section 46a-83, or is dismissed for failure to accept full relief pursuant to subsection (c) of said section 46a-83, and the complainant does not request reconsideration of such a dismissal as provided in subsection (e) of said section 46a-83 the executive director of the commission shall issue a release and the complainant may, within ninety days of receipt of the release from the commission, bring an action in accordance with section 46a-100 and sections 46a-102 to 46a-104, inclusive."

[5] General Statutes § 46a-101 (b) provides in pertinent part: "The complainant, or his attorney, may request a release from the commission if his complaint with the commission is still pending after the expiration of two hundred ten days from the date of its filing."

[6] Prior to P.A. 98-245, § 46a-100 required a release pursuant to § 46a-101. After P.A. 98-245, § 46a-100 required a release to sue pursuant to either § 46a-83a or § 46a-101. Neither version made any mention of a release to sue under § 46a-82b.

to or subsequent to the adoption of P.A. 98-245, could not be brought because § 46a-100 did not provide for a release to sue under § 46a-82b.

It is apparent that there are inconsistencies regarding releases to sue within the Connecticut Fair Employment Practices Act. For example, § 46a-101 (a) stated at all relevant times: "No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions *of this section*."[7] (Emphasis added.) This language could even foreclose an action brought under § 46a-83a, a statutory section specifically included within § 46a-100. In light of this oversight by the legislature and the foregoing analysis, it seems apparent that the legislature did not intend to bar an action brought with a release to sue under § 46a-82b. Instead, the legislature provided for a civil action in the case of an appeal of a commission ruling or the expiration of a statutory time limitation without including every section that provides for a release to sue in § 46a-100.

Alternatively, under § 46a-82b, the commission was mandated to release the complaint allowing the plaintiff to sue in Superior Court if it had not acted by January 1, 1997. Accordingly, the commission did issue such a release on January 2, 1997, and tolled the statute of limitations. A private cause of action was authorized, therefore, even though P.A. 98-245 cited a release only in accordance with § 46a-83a and § 46a-101 because P.A. 98-245 had not taken effect at the time of the granting of the release on January 2, 1997. The release under § 46a-82b stands on its own and is valid.

---

[7] It is uncertain whether "with this section" applies to § 46a-101 only, or to the entire Connecticut Fair Employment Practices Act. Regardless of the interpretation, it demonstrates the imprecision the legislature used in its treatment of releases to sue.

Assuming, arguendo, that a release specifying § 46a-83a or § 46a-101 was required, based upon the legislative intent and scheme described previously, the plaintiff could, under P.A. 98-245, obtain a valid release under § 46a-82b.

Also, if there was a mistake by the commission in issuing the wrong release, it would be fundamentally unfair and contrary to the legislative intent to bar the plaintiff from proceeding with a private cause of action because of such mistake.

Finally, § 46a-81c was adopted in 1991 and that cause of action by itself or through § 46a-60 (5) was a cause of action at all times relevant hereto.

For the foregoing reasons, this court concludes that the plaintiff did have and does have a private cause of action.

C

The third claim is that Bond is not a proper defendant under §§ 46a-60 (a) (8) and 46a-81c. The plaintiff concedes that Bond is not a proper defendant under those sections. Under § 46a-60 (5), however, Bond may be held liable as an employee if he aided or abetted "the doing of any act declared to be a discriminatory employment practice or to attempt to do so." This court has already stated that the administrative complaint has, for all practical purposes, accused Bond of aiding and abetting the discriminatory act. The allegations of the complaint in this case include the claim that Bond "conspired with the Defendant McGarry to harass, ridicule, discriminate, batter and cause injury to [Pelletier] based upon [Pelletier's] sexual orientation." As stated previously, a discriminatory employment practice includes discrimination because of sexual orientation, and although Bond may not be held liable solely under § 46a-81c, based upon the definition of discriminatory practice which includes, as described previously, discrimi-

nation because of sexual orientation, Bond is liable under § 46a-60 (a) (5). Although the violations of §§ 46a-60 (a) (8) and 46a-81c are not in and of themselves actionable, there is a valid cause of action against Bond as a result of § 46a-60 (a) (5) and the definitions in the statutes that include sexual orientation under § 46a-81c under the terms of § 46a-60a (5). The allegations of the violation of § 46a-81c may, therefore, stand. Although the court does not find any basis for a violation of § 46a-60 (a) (8), it will not strike that portion of the complaint because the court should either strike or not strike the entire count.

## VI

## CONCLUSION

For all of the aforementioned reasons, the defendants' motion to strike the first and fourth counts of the amended complaint is denied.