Shelly J. BROWN, Plaintiff,

v.

AMERICAN LEGION CORTLAND CITY POST 489; Joseph Smith, Individually and as Post Commander; Tom Clark and James Duggan, as Vice Commanders of American Legion Cortland City Post 489; Joseph Dwyer, Individually and as 6th District Commander, the American Legion Department of New York; and the National Office of the American Legion, Defendants,

No. 99–CV–329.

United States District Court, N.D. New York.

Aug. 31, 1999.

___

Brown, Pinnisi & Michaels, P.C., Syracuse, NY (Theodore Lyons Araujo, of counsel), for Plaintiff.

Costello, Cooney & Fearon, LLP, Syracuse, NY (Michael A. Tremont, of counsel), for Defendants National Office of American Legion, American Legion Department of New York, and Joseph Dwyer, Individually and as 6th District Commander.

Charles G. Mills, Glen Cove, NY, for National Office of American Legion.

Hancock & Estabrook, LLP, Syracuse, NY (John T. McCann, of counsel), for American Legion Cortland City Post 489; Post Commander; Tom Clark, as Post Vice Commander; and James Duggan, as Post Vice Commander.

## MEMORANDUM–DECISION and ORDER

MUNSON, Senior District Judge.

Two defendants have motions before the court: the National Office of the American Legion ("American Legion") moves to dismiss for lack of subject matter jurisdiction and failure to state a claim; the American Legion Department of New York's ("American Legion–NY") moves for judgment on the pleadings, or dismissal for failure to state a claim. Plaintiff opposes these motions.

## BACKGROUND

Plaintiff, a former employee of the American Legion, claims in her complaint that defendants violated Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 2000e, *et seq.,* and the Civil Rights Act of 1991. She alleges: (1) employment discrimination on the basis of sex; (2) *quid pro quo* discrimination on the

basis of sex; (3) the creation and maintenance of a hostile work environment; (4) retaliation; (5) wrongful termination; and (6) various violations of the New York State Human Rights Law ("NYHRL") § 296, *et seq.* She seeks compensatory and punitive damages, front pay, interests, costs and attorney's fees.

The court assumes *arguendo* that the following allegations are true. Plaintiff was employed as a bartender at American Legion Cortland City Post 489 in Cortland, New York from June 15, 1996 until November 25, 1997. She claims that throughout her employment at the post, she was sexually harassed by its commander: defendant Joseph Smith. This harassment comprised Smith's demands and suggestions that plaintiff perform sexual acts for him, accompany him on trips out of town, visit motel and hotel rooms for lascivious rendezvous, allow him to fondle her anatomy, as well as other sexual suggestions and references to salacious activity. Plaintiff maintains Smith made his sexual comments both in private and in the presence of patrons of Post 489, and adds that none of his statements were welcome, encouraged or desired.

Plaintiff contends that she rebuffed Smith's advances and told him his remarks were unseemly. In addition to her admonitions to Smith, she complained orally to defendant Post Vice Commanders Tom Clark and James Duggan. When they took no action, she sent a letter to each of them, as well as defendant District Commander Joseph Dwyer, that complained of Smith's conduct. Again, no action was taken, but in retaliation for her filing a complaint, Smith continued his bawdy behavior and changed plaintiff's work schedule, terms, condition and privileges of employment. The continued harassment traumatized plaintiff and eventually she was hospitalized. June 17, 1997 was her last day of work; she was unable to work thereafter because the prolonged harassment had disabled her psychologically. At a meeting five months later, Post 489's Board of Directors voted to terminate plaintiff's employment.

On March 19, 1998, plaintiff filed a discrimination under claim the Equal Employment Opportunity Commission ("EEOC"). The EEOC did not hold proceedings on her claim, but issued a right-to-sue letter, at her request, on December 4, 1998. Plaintiff filed the instant suit on March 3, 1999, naming as defendants Smith, Clark, and Duggan; Joseph Dwyer, the 6th District Commander; and the American Legion and the American Legion–NY. The latter two defendants were not named in plaintiff's EEOC complaint.

The American Legion maintains the complaint should be dismissed against it under Rule 12(b)(1) because the court has no subject matter jurisdiction over this action for two reasons: (1) it is not plaintiff's "employer" under 42 U.S.C. § 2000e(b) and the NYHRL; and (2) plaintiff has not exhausted her administrative remedies. The American Legion continues that dismissal under Rule 12(b)(6) is appropriate because plaintiff fails to make a claim upon which relief may be granted by failing to make any substantive allegations connecting it with Post 489's challenged actions, and because New York law does not recognize plaintiff's claim for wrongful termination. The American Legion–NY's motions, in large measure, echo these arguments.

## DISCUSSION

### I. Standards Governing Rule 12 Motions

Four Rule 12 motions are before the court. The American Legion moves to dismiss the complaint under 12(b)(1) due to lack of subject matter jurisdiction, and pursuant to 12(b)(6) for failure to state a claim upon which relief may be granted. The American Legion–NY, meanwhile, moves pursuant 12(c) for judgment on the pleadings, and under 12(h)(3) to dismiss for lack of subject matter jurisdiction.

■ A court may dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it lacks the statutory or constitutional power to adjudicate the case. The burden of demonstrating federal jurisdiction is on the party seeking to invoke it, which, in this case, is plaintiff. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3rd Cir.), *cert. denied*, 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). When a motion addresses the existence of subject matter jurisdiction, no presumptive truthfulness attaches to a plaintiff's allegations. *See Mortensen v. First Federal Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir.1977). Accordingly, unlike a 12(b)(6) motion, consideration of a 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may "decide for itself the factual issues which determine jurisdiction." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). This type of a Rule 12(b)(1) motion need not be converted into a Rule 56 motion where extra pleading materials are considered. *See Id.* at 416.

Dismissal under Rule 12(b)(6) is dismissal on the merits of the action: a determination that the facts alleged in the complaint fail to state a claim upon which relief may be granted. While dismissals under 12(b)(1) or 12(b)(6) appear to be the same, there are two factors on a dismissal for lack of subject matter jurisdiction that can have a significant bearing on the disposition of a case. First, in deciding a 12(b)(6) motion, the court must "accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the nonmoving party." *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3rd Cir.1989). Second, dismissal of a claim is not proper unless it is obvious that the plaintiff is unable to prove no set of facts supporting his claim which would enable him to prevail. *See Robb v. Philadelphia*, 733 F.2d 286, 290 (3rd Cir.1984). A complaint may be dismissed, however, when the facts pled and the reasonable inferences therefrom are legally insufficient to support the relief sought. *See Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.* 836 F.2d 173, 179 (3d Cir.1988).

■ A dismissal under 12(b)(1), in contrast, is not on the merits and is without *res judicata* effect. *Exchange Exchange Nat. Bank v. Touche Ross & Co.*, *544 F.2d 1126, 1130–31 (2d Cir.1976), modified on other grounds*, 726 F.2d 930 (2d Cir.1984), *cert. denied*, 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984). Furthermore, because a court must have original jurisdiction in order to exercise supplemental jurisdiction, dismissal pursuant to 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims. *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir.1992).

■ In evaluating a Rule 12(c) motion, a court must view the pleadings in a light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *See Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y.*, 754 F.2d 49, 56 (2d Cir.1985). The court must also "take well-pled material facts alleged in the complaint ... as admitted," *Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 286 (2d Cir.1974), and may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ An action should be terminated under Rule 12(h)(3) "[w]henever it appears that the court" lacks subject matter jurisdiction. *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir.1975). The district court should terminate an action where the lack of subject matter jurisdiction is apparent. Judicial resources are precious, particularly in view of federal courts' steadily burgeoning caseloads, and they should not be dissipated in futile pro-

ceedings. Indeed, the lack of jurisdiction is so fundamental a defect that the rule permits the judge to recognize it *sua sponte* at any time. *Id.*

## II. The American Legion's Motions

■ Again, the American Legion maintains dismissal against it is appropriate under Rule 12(b)(1) for two reasons: (1) it is not plaintiff's "employer" under 42 U.S.C. § 2000e(b) and the NYHRL; and (2) plaintiff never exhausted her administrative remedies. The American Legion postulates dismissal under Rule 12(b)(6) is appropriate because plaintiff makes no substantive allegations connecting it with Post 489's challenged actions, nor does New York law does not recognize her claim for wrongful termination.

As explained *infra*, the American Legion was not plaintiff's employer under Title VII. 42 U.S.C. § 2000e–2(a) states in relevant part that "[i]t shall be an unlawful employment practice for an *employer* ... to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment because of such individual's ... sex." (Emphasis supplied). It is true that an employee may have more than one employer for the purpose of Title VII liability, and that those employers need not be "an integrated enterprise," *Streeter v. Joint Industry Board of Elec. Industry,* 767 F.Supp. 520, 527 (S.D.N.Y.1991), nor have a "joint employer relationship." *Dortz v. City of New York,* 904 F.Supp. 127, 145 (S.D.N.Y.1995). A determination of whether Post 489 is an agency of the American Legion, however, is not dispositive of the present motion: the germane issue is the relationship between the American Legion and the plaintiff and whether the former controlled at least some of the latter's working conditions.

In making this determination, courts look to see whether an entity has "authority to hire or fire ..., to supervise ... work or conditions of employment, to determine [the] rate or method of pay, or to maintain records of ... employment." *Kern v. City of Rochester, Fire Dept.,* 93 F.3d 38, 45 (2d Cir.1996). Other indicia include dictating personnel policies and controlling budgets. *See Houston v. Fidelity (Nat.Fin.Services),* No. 95–Civ–7764, 1997 WL 97838, at *12 (S.D.N.Y. Mar.6, 1997). The American Legion has provided ample documentation evincing that a Title VII employer-employee relationship did not exist between it and plaintiff. There was no integrated economic relationship between it and Post 489, nor did it enjoy authority or control over the post's employment practices affecting plaintiff.

Plaintiff has not linked the American Legion with the American Legion–NY or Post 489's operations, labor relations, management, and ownership or financial control. The American Legion does not share offices, bank accounts or equipment with any local post. Each department and local post is responsible for it own funds, accounts and records. Nor is there any evidence of an interrelationship between the administrative operations of the American Legion and Post 489.

The American Legion, American Legion–NY and Post 489 do not share management, either. Each has its own management organization, boards of directors and/or officers. Local posts enjoy exclusive control over their government, administration and activities. The American Legion is powerless to intercede in the affairs and operations of the local posts; rather, its authority is limited to the formation and termination of a local post's charter.

Additionally, the American Legion does not have control over labor relations and personnel of Post 489 or the American Legion–NY. Each local post ascertains its employment needs and establishes its own terms and conditions of employment. The American Legion does not participate in hiring, training, wage payment, supervision or disciplining of any of the local posts' employees. The American Legion and Post 489 have individual I.R.S. em-

ployment identification numbers, these entities do not have common ownership or consolidated financial control. Each has its own accounting system, financial records, and bank accounts.

The American Legion's motion to dismiss attacks the factual existence of the court's subject matter jurisdiction, so the question is whether plaintiff had an opportunity to submit evidence establishing subject matter jurisdiction. Plaintiff presented an affidavit and memorandum of law to support her position, but never filed a reply or requested further time to present additional evidence. Plaintiff had an opportunity to refute the American Legion's motion, but did not; therefore, upon consideration of the record, the court finds it lacks subject matter jurisdiction over plaintiff's Title VII claim against the American Legion. Moreover, because the court grants the instant Rule 12(b)(1) motion, it cannot exercise supplemental jurisdiction over plaintiff's related state claims against that defendant. The American Legion's Rule 12(b)(6) is denied as moot.

### III. The American Legion–NY's Motions

 The American Legion–NY presents two motions: one pursuant to Rule 12(c) for judgment on the pleadings, and another under 12(h)(3) for dismissal for lack of subject matter jurisdiction. The American Legion–NY notes that plaintiff raises Title VII claims against it identical to those she made against the American Legion. As the parties' arguments are the same, the results are the same: the American Legion–NY was not plaintiff's employer. Post 489 and it were separate entities and neither participated in the financial, ownership, control or employment policies of the other.

The American Legion–NY's motion to dismiss for lack of subject matter jurisdiction is granted, and it motion pursuant to Rule 12(c) for judgment on the pleadings is denied as moot. Upon dismissal of plaintiff's federal claim, her state law claims against this defendant must also be dismissed. *See generally West Hartford v. Operation Rescue,* 915 F.2d 92 (2d Cir. 1990).

### CONCLUSION

After consideration of the foregoing, the American Legion's motion to dismiss the complaint under Rule 12(b)(1)is **GRANTED,** and its motion to dismiss the complaint under Rule 12(b)(6) is **DENIED** as moot. The American Legion–NY's motion for judgment on the pleadings pursuant to Rule 12(c) is **GRANTED,** and its motion under Rule 12(h)(3) is **DENIED** as moot. **IT IS SO ORDERED.**