Michele F. HUSNAY, Plaintiff,

v.

ENVIROMASTER INTERNATIONAL CORPORATION aka ECR International's EMI Division; ECR International—Utica Boilers aka Utica Boilers; and ECR International, Inc. aka ECR Corporations, Defendants.

No. 5:02–CV–1238.

United States District Court, N.D. New York.

July 22, 2003.

Anita U. Roberts, Esq., Manlius, NY, for Plaintiff.

McMahon, Grow & Getty (Julie Grow Denton, Esq., of Counsel), Rome, NY, for Defendants.

### ORDER

HURD, District Judge.

## I. INTRODUCTION

Michele Husnay filed a Title VII claim against two defendants, ECR International Utica Boilers ("Utica Boilers") and ECR International, Inc. ("ECR")(collectively "unnamed defendants"), not previously named in her administrative claim as required by Title VII. The unnamed defendants moved for judgment on the pleadings pursuant to Fed. R. of Civ. P. 12(c), for lack of subject matter jurisdiction, due to the plaintiff's failure to exhaust her administrative remedies. Plaintiff opposed. Oral argument was heard on July 11, 2003 in Utica, New York. Decision was reserved.

## II. FACTUAL BACKGROUND

In January of 1991, Husnay filed a complaint with the New York State Department of Human Rights ("NYSDHR") against her employer, Enviromaster, for sex discrimination and retaliation. The initial NYSDHR investigation into the claim found probable cause. After hiring of counsel, attempts at settlement, a counsel change, and transfer of the case to a new administrative division, the complaint was addressed in late 2001. There was a scheduling conference, discovery and a hearing scheduled for seven days in June and July 2002. But, prior to the hearing, Husnay requested an adjournment of the NYSDHR action and a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Both were granted. Husnay contends that during the administrative process she determined that the corporate relationship(s) between the three entities was more extensive than she originally believed and included them in her Title VII complaint along with Enviromaster.

## III. DISCUSSION

### A. Motion for Judgment on the Pleadings Standard

This motion presents a factual challenge to the court's subject matter jurisdiction. Accordingly, no presumption of truthfulness applies to the jurisdictional facts asserted in the plaintiff's complaint, the plaintiff has the burden to satisfy the court as a fact-finder of the jurisdictional facts, and extrinsic materials may be considered without converting the motion to one for summary judgment. *Brown v. American Legion Cortland City Post 489*, 64 F.Supp.2d 96 (N.D.N.Y.1999). Parties may use affidavits and other materials be-

yond the pleadings themselves in support of or in opposition to a challenge to subject matter jurisdiction. *Matos v. United States HUD*, 995 F.Supp. 48, 49 (D.Conn. 1997) (citing *Land v. Dollar*, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)). Facts are taken from parties' pleadings and affirmations in support of their pleadings.

## B. *The Identity of Interest Exception*

■ Title VII requires a plaintiff to first file employment discrimination charges with the EEOC or an authorized state agency. 42 U.S.C. § 2000e–5(e). Plaintiffs are not allowed to add previously unnamed defendants to their Title VII claims because defendants would be denied both early notice and the opportunity for voluntary compliance with Title VII mandates in avoidance of litigation. *Bland v. New York*, 263 F.Supp.2d 526, 547 (E.D.N.Y.2003) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 905 (7th Cir.1981)).

■ However, if an unnamed defendant is sufficiently intertwined with the named defendant, such that the filing of the initial complaint would have effectively satisfied these requirements as to the unnamed defendant at the same time, then the unnamed defendant may be added. The Second Circuit uses a four factor test to evaluate whether there is a clear identity of interest between the entities:

(1) whether the role of the unnamed party could through reasonable effort by the complainant have been ascertained at the time of the filing of the EEOC complaint;

(2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether its absence from the EEOC proceedings resulted in actual prejudice to the unnamed party; and

(4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson v. Palma*, 931 F.2d 203, 209 (2d. Cir.1991). Courts weigh the factors and no one factor is dispositive. *Dortz v. City of New York*, 904 F.Supp. 127, 143 (S.D.N.Y.1995). All four do not need to favor one party. *Alfano v. Costello*, 940 F.Supp. 459, 465 (N.D.N.Y.1996) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241–42 (2d Cir.1995)).

### 1. *Ascertainable Role of the Unnamed*

■ Plaintiff concedes that she knew enough about the relationship between the Enviromaster and Utica Boilers at the time she filed her administrative complaint to inquire about adding Utica Boilers' name to it. The complaint in this action states that she knew "key employees of Utica Boilers were consulted or even brought over to manage and supervise certain operations and functions of Enviromaster." (Pl's.Compl.¶ 10(d).)

Furthermore, Husnay was in a management position when terminated. At that time, there were approximately forty employees at Enviromaster, therefore the sharing of staff with Utica Boilers would have been apparent during the time of her employment. ECR's headquarters were less than twenty miles away. ECR was an industry leader with overlapping staff and work in the industry whose presence would have been known to anyone in Husnay's position. Thus, the first factor weighs in favor of the unnamed defendants.

## 2. *Sufficient Similarity of Interests*

After twelve years and some discovery during the processing of her administrative claim, Husnay has not alleged sufficient facts to indicate that the interests of the three defendants are so similar that naming Utica Boilers and ECR would have been unnecessary for purposes of conciliation.

Plaintiff relies on a recent Northern District case, *Magill v. Precision*, (Civil Action No. 01–CV–1482, September 11, 2002) (Pl's. Mem. Opp'n Dismiss Ex. A.) in requesting discovery to further determine the exact relationship between the entities. In *Magill*, the plaintiff was allowed discovery as to jurisdictional facts to prove the identity of interest exception. *Id.* at 6. The plaintiff in that case presented significantly more information indicating a relationship between the named and unnamed defendants: named defendant had responded on letterhead of the unnamed; employees of the unnamed company had participated in the EEOC conciliation proceeding; and the two companies had the same majority shareholder.

Husnay asserts that Utica Boilers and Enviromaster are related corporate entities, shared key employees and that all three entities were managed, to some extent, by the same actor. She fails to allege sufficient facts that would indicate that any particular arrangement of management existed or how any particular arrangement of the entities would demonstrate similar interests. This lack of alleged similarity of interests fails to warrant discovery considering Husnay's employment experience within Enviromaster, the twelve year time lapse since the first claim was filed and the interaction of the parties, however limited, during the administrative proceedings.

## 3. *Actual Prejudice*

Utica Boilers and ECR suffered actual prejudice in having lost the opportunity to participate in the administrative proceedings. The NYSDHR investigated and found probable cause against Enviromaster. Utica Boilers and ECR were denied the opportunity to participate and avoid a finding of probable cause against them or otherwise engage in conciliation in avoidance of litigation. Furthermore, the claim against Enviromaster did not mention any of the resources shared by the entities to provide notice of a claim against Utica Boilers or ECR. Factor three therefore weighs in favor of the unnamed defendants.

## 4. *Representation to Plaintiff*

There is no allegation that Utica Boilers or ECR represented to Husnay that their relationship was to be conducted through Enviromaster. Thus, the fourth factor weighs in their favor.

## IV. *CONCLUSION*

Considering the strength of the three factors weighing in favor of the defendant, and the insufficiency of alleged facts to warrant discovery into the remaining factor, the exception to the requirement to exhaust administrative remedies is not applicable.

Accordingly, it is

ORDERED that

1. Defendants' motion to dismiss Utica Boilers and ECR for lack of subject matter jurisdiction is GRANTED; and

2. Plaintiff's complaint as against Utica Boilers and ECR is DISMISSED.

IT IS SO ORDERED.